## M. S. WALLER v. CHAS. H. LEONARD.

### No. 423.—Decided May 14, 1896.

**1. Adverse Possession—Evidence.**

A tract of land sued for had been, by defendant's vendor, enclosed with others in a large pasture and so used for more than ten years. To explain the character of possession so held and asserted plaintiff was properly permitted to show all the following circumstances:

(1) Plaintiff's vendor had at different times during such possession disclaimed title to other tracts embraced in the enclosure and endeavored to buy them from their owners.

(2) He had during the same period purchased other tracts included in the same enclosure.

(3) He was illiterate but of strong memory, honest and taciturn, talking but little about his business.

(4) He had, within such period, caused lists of his lands to be made which did not include the tract in question.

(5) He had within such time rendered for taxation sworn lists of his property in the county, which did not include said tract nor some others embraced in his enclosure.

(6) There was no deed to him of this tract on record in the county.

**2. Same—Declarations of Agent.**

But evidence that one professing to be agent of such party in possession, had sought to buy it for him from the owner was not admissible, without other proof of the agency than such declarations.

**3. Same—Material Error.**

Admitting such testimony was ground for reversal; and could not be held as matter of law to be rendered harmless because of the supposed conclusiveness of the evidence held above to have been properly admitted.

**4. Evidence—Objections to—Bill of Exceptions.**

A bill of exceptions to the exclusion of testimony will be taken as stating the very objection made to the question. Where the only statement of the objection contained in the bill is in the words "To which plaintiff objects" it will be considered that the objection was general and should be sustained only in case the question was not calculated to elicit competent and material testimony. The appellate court will not assume that specific objections were made and refuse to consider the bill because they do not appear in it.

ERROR to Court of Civil Appeals for First District, in an appeal from Galveston County.

The opinion gives a full statement.

*Harris & Harris* for plaintiff in error.—Tacquard's possession was sufficient to establish title by limitation. Whitehead v. Foley, 28 Texas, 268; Cantagrel v. Von Lupin, 58 Texas, 570; Craig v. Cartwright, 65 Texas, 413; Taliaferro v. Butler, 77 Texas, 578; Gunter & Munson v. Meade & Bomar, 78 Texas, 634; Parker v. Newberry, 83 Texas, 428; Church v. Waggoner, 14 S. W. Rep., 581; Moore v. McCown, 20 S. W. Rep., 1112.

Deeds to Tacquard of other tracts in same enclosure were improperly admitted. De Leon v. White, 9 Texas, 598; Waul v. Hardie, 17 Texas, 553.

The agency of Adriance for Tacquard could not be proven by the

agent's declarations, and his statements were improperly admitted. Latham v. Pledger, 11 Texas, 439; Belverman v. State, 16 Texas, 130.

Omission of the property by Tacquard from his tax list could not be shown. Zeilin v. Rogers, 21 Fed. Rep., 103.

Declarations by party in possession of land showing that he claims to be sole owner are admissible to show the character of his possession to be adverse. Lochausen v. Laughter, 4 Texas Civ. App., 291 (23 S. W. Rep., 513); Word v. Drouthett, 44 Texas, 365; Stockton Savings Bank v. Staples (Cal.), 32 Pac. Rep., 936; Abbett v. Page (Ala.), 9 So. Rep., 332; Walker v. Hughes (Ga.), 15 S. E. Rep., 912.

*M. Stewart,* for defendant in error.—The possession of Tacquard was not of a character to sustain defense of limitation. Word v. Drouthet, 44 Texas, 370; Mhoon v. Cain, 77 Texas, 316; Rev. Stats. Texas, art. 3198; Parker v. Baines, 65 Texas, 609; Bracken v. Jones, 63 Texas, 186; Satterwhite v. Rosser, 61 Texas, 171; Chance v. Branch, 58 Texas, 493; Schleicher v. Gatlin, 85 Texas, 270; McCoy v. Mayer, 21 S. W. Rep., 1015; Hartman v. Huntington, 32 S. W. Rep., 562; Beall v. Evans, 1 Texas Civ. App., 443; Kirkman v. Brown (Tenn.), 27 S. W. Rep., 709. Also on motion for rehearing, Wash. on Real Prop., 141, sec. 22.

Declarations of alleged agent are admissible in connection with other facts tending to prove agency. Manufacturing Co. v. Crossland, 2 Willson's C. C., sec. 80; Railway v. Rountree, 2 Willson's C. C., sec. 387.

The question asked of defendant Wheeler, as to Tacquard's claiming the land, was properly excluded because leading. Abel v. Sparks, 6 Texas, 350; Mathis v. Buford, 17 Texas, 155.

The testimony sought to be elicited by it, being a self-serving declaration, was inadmissible. Chamberlain v. Pybas, 81 Texas, 511; Wallace v. Berry, 83 Texas, 332; Gilbert v. Odum, 69 Texas, 673; Mooring v. McBride, 62 Texas, 312; McDow v. Rabb, 56 Texas, 159; Snow v. Starr, 75 Texas, 416.

On motion for rehearing, on the insufficiency of the bill of exceptions to exclusion of Wheeler's testimony, he cited Railway v. Gage, 63 Texas, 575; Franklin v. Tiernan, 62 Texas, 96; Bonart v. Waag, 61 Texas, 33; Underwood v. Coolgrove, 59 Texas, 164; Johnson v. Crawl, 55 Texas, 571.

The motion was overruled.

DENMAN, Associate Justice.—Leonard sued Waller in trespass to try title to recover the Bousse tract of land containing 320 acres, situated in Galveston County, Texas. Waller pleaded not guilty and limitation under the ten years' statute. Leonard showed a chain of title complete and regular on its face from the State down to him. In order to defeat Leonard's case, Waller relied solely upon his plea of statute of limitations of ten years, and in support thereof proved that his vendor, Tacquard, from 1879 to 1892 had this tract, with others, amounting to six thousand acres, enclosed in a pasture used by him for confining and pasturing his

horses and cattle,—the pasture fence being on one line of the Bousse tract, and that in June, 1892, said Tacquard conveyed said Bousse tract to defendant Waller by warranty deed.

There seems to have been no serious controversy on the trial as to the existence of any fact necessary to support the plea of limitation, except as to the adverseness of Tacquard's possession.

Plaintiff Leonard contended that the possession was not "adverse," for the reason that it was not "commenced and continued under a claim of right inconsistent with and hostile to the claim of another;" and, in order to show that Tacquard's possession of said Bousse tract was not under claim of right, he introduced various witnesses who, over objection of defendant Waller, were permitted to testify to the following circumstances:

1.　That at different times during such possession Tacquard was asked by different parties claiming interests in other tracts in said pasture, whether or not he claimed them, and he replied that he did not; that he claimed no lands in his pasture but that which he had bought and paid for, and that he claimed no land by limitation; and that he endeavored at one time to buy the Julio tract, and at another, expressed regret that he had not gotten it, and also stated that he had wished to purchase all of the land in his pasture.

2.　That during the period for which he held the possession in question he purchased and procured deeds from the owners, for the St. John, the Swinney, the Hagard, the Thompson, and part of the Pace surveys in said pasture.

3.　That he was illiterate, but possessed of an unusually strong memory, was honest and taciturn, talking but little about his business.

4.　That he caused his bookkeeper to make for ready reference lists of his lands, from his deeds, one in 1881 and one in 1885, which when made were pronounced by him to be satisfactory, and which did not include the Bousse tract.

5.　That he rendered lists of his lands for taxes from 1883 to 1891, inclusive, which were sworn to by him to be complete lists of all taxable property in Galveston County owned or held by him for himself, and which did not include either the Bousse, the Santos Coy, or the Julio surveys.

6.　That there was on record in the county no deed for the Bousse to Tacquard.

We are of the opinion that the Court of Civil Appeals properly held that all of such circumstances were "admissible for the purpose of explaining the character of possession held and asserted by Tacquard by means of the enclosure."

On this issue plaintiff Leonard also offered to testify in his own behalf that Mr. Adriance, during such possession of Tacquard, approached him, Leonard, several times, representing himself as the agent of Tacquard, and offering to buy the Bousse tract for Tacquard. To this testimony,

that Adriance represented himself as Tacquard's agent, defendant Waller objected, on the ground (1) that the agency of Adriance could not be established by his own declarations; and (2) since his agency was not established, the testimony of Leonard as to what Adriance said as to his agency was hearsay. The court overruled the objections and admitted the testimony.

There was no evidence of the agency of Adriance except his said declarations made to Leonard. The Court of Civil Appeals conceded that the evidence was erroneously admitted, but held that, since "the other uncontroverted testimony repelled the conclusion of an adverse claim to the land, the error was harmless." We are of opinion that, notwithstanding said circumstances introduced in evidence by plaintiff, the jury might have found, from the evidence offered by defendant in support of his plea as above stated, that Tacquard's possession was "commenced and continued under a claim of right inconsistent with and hostile to the claim of another;" and especially so since Tacquard was dead at the time of the trial, rendering it impossible to obtain his testimony, thus, of necessity, forcing the parties to rely upon circumstances to establish his intent with reference to the land.

In this state of the evidence we do not think the court can say, as a matter of law, that the improper admission of any circumstance tending to show such intent was harmless error. The testimony objected to was of a most material character; for, if Tacquard authorized Adriance to buy the land for him from Leonard in whom was the paper title, it was cogent evidence that his possession was not "commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

We are of opinion that the court erred in admitting the testimony and that such error cannot be held, as a matter of law, harmless. On the issue above stated, defendant asked his witness Wheeler, "Did Tacquard ever claim to you that he did own the Bousse survey?" The bill of exceptions does not show that any special objection was made to the form of the question, but simply states "To which plaintiff objects." The bill also shows that the witness would have testified, in answer to the question, that Tacquard always claimed to witness that he owned the land and claimed that he had a deed for same for which both he and witness often searched among his papers and on the records.

We think there can be no question as to the competency and materiality of the testimony sought to be elicited on said issue, but the Court of Civil Appeals refused to consider the assignment of error based upon its exclusion by the trial court, because "the objection taken to it is not stated" in the bill of exceptions.

We are of opinion that the bill of exceptions should be taken as stating the very objection made by plaintiff to the question, and that none other was made. If this be true, the plaintiff only made a general objection to the question, which would only be good in case the question was not calculated to elicit competent and material testimony, and would not

reach the form of the question, such as that it was leading. We do not see how the defendant, in tendering his bill to the court, could be required to state any more than he did; for, having stated a general objection as having been made by plaintiff to the question and sustained by the court, the presumption is that that is what really occurred on the trial, and it would have been improper for him to have undertaken to put in other objections as having been made and sustained, when probably such was not the case. If plaintiff intended to rely on an objection to the form of the question, as that it was leading, he should have made such special objection on the trial, so that defendant would have had an opportunity to change the form so as to avoid the objection, and should also have seen that such special objection was included in the bill of exceptions, if he wished to urge it on appeal as a justification of the ruling of the trial court in excluding competent and material testimony. 1 Thompson on Trials, secs. 703-704. We are of the opinion that the court erred in sustaining the objection stated to the question asked and excluding the evidence offered, as stated in the bill of exceptions.

For the errors above stated the judgments of the trial court and Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*