MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS ET AL. V.
J. M. JARRELL.

Decided March 8, 1905.

**1.—Evidence—Bill of Exceptions—Stating Objection.**

Where a bill of exceptions to the exclusion of evidence purports to quote the language of the objection, it will be taken as stating the very objection made, and will be sufficient, though it shows only a general objection; but, where it simply states that the party objected, or that objection was made, it will be held insufficient for failing to state the objection. Waller v. Leonard, 89 Texas, 510, distinguished from Grinnan v. Rousseaux, 20 Texas Civ. App., 20.

**2.—Harmless Error—Immaterial Evidence.**

In a suit for injury to a shipment of goods at Kansas City by the floods of May, 1903, the answer of a witness explaining why it would have been impossible to unload and store the property, instead of permitting it to remain in the flooded cars, if such cars had been in the Santa Fe yards, they being at the time in the yards of the Missouri, K. & T., was immaterial, and its exclusion on the objection that it was a mere conclusion of the witness, if error, was harmless.

**3.—Harmless Error.**

Error in excluding evidence as a mere opinion of witness, part of the excluded answer being a statement of fact, was harmless where so much of the statement as embraced facts merely was elsewhere given by the witness in answer to another question.

**4.—Carrier—Damages—Evidence.**

Where the shipper sought to recover, as damages to his property in transportation, the difference between its value at destination in the condition in which it was, and in that in which it should have been delivered, it was competent for plaintiff to prove payment of freight charges, in order that the charge should not be deducted from such difference in price.

Appeal from the District Court of Williamson County. Tried below before Hon. V. L. Brooks.

*J. W. Terry, T. S. Miller* and *A. H. Culwell,* for appellants.—Where the undisputed evidence shows, as it does in this case, that the loss or injury to the property was occasioned by reason of an unprecedented flood, then whatever may have been the prior or subsequent negligence of the carrier, such flood will be considered as the proximate cause of the loss or injury, and for which no recovery can be had. International & G. N. Ry. Co. v. Bergman, 64 S. W. Rep., 999; Hunt Bros. v. Missouri, K. & T. Ry. Co., 74 S. W. Rep., 69; Gulf, C. & S. F. Ry. Co. v. Darby & Cauthen, 28 Texas Civ. App., 229, 67 S. W. Rep., 129; Gulf, C. & S. F. Ry. Co. v. North Texas Grain Co., 32 Texas Civ. App., 93, 74 S. W. Rep., 567; Galveston, H. & N. v. Mistrot Bros., 68 S. W. Rep., 1117.

It was competent for the witness Sharp to testify as to the efforts made by the railway companies to cope with the flood, and to say in that connection that no human efforts could have prevented the loss. Same was the expression of a man familiar with the condition of affairs at that time and place.

It was competent for the witness Sharp to testify as to the handling of the cars by the switch engines, where the same were taken to, and likewise to testify that the cars could not be saved after having been put on the highest ground. Same was a statement of fact, to which the appellants were entitled.

The court erred in excluding from the jury the last clause of the witness H. W. Sharp's answer to the fifteenth direct interrogatory. It was competent for the railway companies to prove that they did make every effort possible to get themselves in shape for the transaction of business, and such was the purpose of the testimony set out in this bill of exceptions. The evidence was the statement of a fact which is material to the defense urged herein. It came from a witness who was familiar with the situation—was not a conclusion—and the appellants were entitled to have the jury given all the evidence which was relevant and material.

It was competent to show by the witness R. W. Brown that it would not have helped the shipment to have unloaded it, and the objection made to his testimony went rather to the weight to be given the same than to its admissibility, and the appellants were entitled to the benefit of any evidence which tended to sustain their defense.

It was an irrelevant and immaterial inquiry as to the amount of freight charged and collected on the car of vehicles, and the introduction of such testimony threw no light on the transaction, but rather tended to prejudice the case of the appellants in view of the condition of the buggies at the time of their arrival at destination.

*Barlow & Coitz* and *R. L. Penn,* for appellee.—The evidence in this case does not show that the loss and damage to plaintiff's shipment was caused by an unprecedented flood such as defendants were not required to guard against. Ryan & Co. v. Missouri, K. & T. Ry. Co., 65 Texas, 19, 20; International & G. N. Ry. Co. v. Bergman, 64 S. W. Rep., 999;

Gulf, C. & S. F. Ry. Co. v. Darby, 28 Texas Civ. App., 229, 67 S. W. Rep., 129; St. Louis, I. M. & S. Ry. Co. v. Bland, 34 S. W. Rep., 675; 2 Parsons on Conts., 162.

The evidence shows indisputably that the defendants were guilty of negligence in not properly caring for the goods in question, and in not forwarding same with reasonable promptness to their destination after the waters of the flood had subsided, and that by such negligence the damage was greatly augmented, and, if any part of the damage was caused by causes for which they were not responsible, it was their duty to separate the damage, and show how much of same was occasioned by such unavoidable cause and how much by reason of their negligence, and, having failed to make such proof, the plaintiff was entitled to recover the full amount of damage so sustained. Ryan v. Missouri, K. & T. Ry. Co., 65 Texas, 19, 20; Texas & P. Ry. Co. v. Richmond, 61 S. W. Rep., 410.

The bill of exceptions reserved to the action of the court complained of is insufficient, and should not be considered by this court for the reason that it does not state the objection to the evidence which was urged by appellee and sustained by the trial court. Rules for the District and County Courts, No. 58; Gulf, C. & S. F. Ry. Co. v. Rowland, 23 S. W. Rep., 421; Davis v. Wheeler, 23 S. W. Rep., 435; Texas & P. Coal Co. v. Lawson, 10 Texas Civ. App., 500, 31 S. W. Rep., 843; New York & T. S. Co. v. Island City B. & A. Assn., 2 Texas Civ. App., 493, 21 S. W. Rep., 1007.

It appeared from the evidence that the car containing the goods in question was in the yards of the defendant, the Missouri, Kansas & Texas Railway Company, at the time of the flood, and not in the yards of the Atchison, Topeka & Santa Fe during said time, and the evidence sought to be introduced, and excluded by the court, related to what was done by the Atchison, Topeka & Santa Fe in regard to cars in its yards, and the evidence was irrelevant and immaterial.

The testimony as to payment of freight was admissible for the reason that plaintiff was suing appellants for the difference between the value of the vehicles in the condition in which they should have arrived at Granger and their value as they really did arrive at said point, and it was incumbent upon plaintiff to show payment of freight charges, otherwise the amount of said charges should have been deducted from such difference in value. Texas & N. O. Ry. Co. v. Bigham, 67 S. W. Rep., 523; Galveston, H. & S. A. Ry. Co. v. Ball, 80 Texas, 606, 16 S. W. Rep., 441.

It affirmatively appears from the evidence in this case that the flood was not the proximate cause of the entire injury resulting to plaintiff's goods; and in order for appellants to be held liable to plaintiff for the damage resulting therefrom it is not necessary that their negligent acts or omissions constitute the sole cause of such injury, but they are liable to plaintiff for such damages as resulted from their negligent acts or omissions which, under the attending circumstances, might reasonably have been contemplated as involving the result. San Antonio & A. P. Ry. Co. v. Lester, 11 Texas Ct. Rep., 816; St. Louis, I. M. & S. Ry. Co. v. Bland, 34 S. W. Rep., 675,

EIDSON, ASSOCIATE JUSTICE.—Appellee brought this suit in the District Court of Williamson County against all of the appellants, alleging that about May 18, 1903, he had consigned to him at Granger, Texas, from Indianapolis, Indiana, a carload of vehicles, which were to be transported from point of origin over the lines of the appellant companies and the Big Four Railway; that the same were delivered to the Atchison, Topeka & Santa Fe Railway at Pekin, Illinois, on or about May 27, 1903, and were to be transported by it to Kansas City, and there delivered to the Missouri, Kansas & Texas Railway Company, by which company, in conjunction with the Missouri, Kansas & Texas Railway Company of Texas, the shipment was to be carried to destination; that the shipment was actually delivered at destination July 20, 1903; that, through the negligence of the appellants in the transportation and handling of the vehicles, there was an unreasonable delay in transit, and that the same were likewise delivered in a damaged condition, as though they had stood for a considerable length of time submerged in mud and water.

It was likewise charged in said petition that if the defendants, or either of them, should plead as defense to plaintiff's right to recover that the injury to the vehicles was occasioned by an act of God, or an unforeseen casualty, then the plaintiff denied the same, and charged that the railway companies did not transport with care and dispatch said car of vehicles, and that if they had been transported within a reasonable time same would not have been caught in the floods.

Appellee also alleged that the defendants, in the transportation and handling of said car of vehicles, acted jointly, and as partners, which allegation of partnership was not denied by appellants, or either of them; and that the conditions which prevailed at Kansas City, Missouri, at the time said car arrived in said city, were such as to put said defendants upon notice of the danger in permitting said car to remain upon their tracks in said city; and had they exercised due diligence after said car arrived in said city, and after the danger became apparent, they could have sent same forward in time to have prevented same being flooded. And further, that said defendants were negligent in not properly caring for and looking after said vehicles after the flood arose and had subsided. Appellee alleged that said flood occurred on or about May 31, 1903, and that the water had subsided sufficiently to enable defendants, by June 16, 1903, to handle and transport said car of vehicles, but that defendants carelessly and negligently permitted said car of vehicles to remain on their tracks in said city, in the condition in which the flood had left said vehicles, until on or about July 18, 1903, and that the unreasonable length of time during which said vehicles were left in said condition was the direct and proximate cause of the extent of the injury to said vehicles.

Appellants answered by general demurrer, general denial and specially, that they, nor either of them, were responsible for the injury to the shipment, for the reason that such injury was occasioned by reason of an unprecedented flood which visited Kansas City, Mo., while this shipment was in the yards at that place, by reason of which the yards of the railway companies were entirely submerged in water for a depth of

from eight to twenty feet; that such flood was the act of God, and could not have been prevented by any act of the railway companies, or either of them; and that, after the flood had subsided, the yards were in such a frightful condition that they were unable to remove the car of buggies in question prior to some time in July, 1903.

The case was tried before a jury, and same resulted in a verdict and judgment being rendered in favor of appellee and against all of the appellants in the sum of $1,200.

Appellants' second, third, fourth and sixth assignments of error, which complain of the action of the court in excluding testimony offered by them, can not be considered by this court, because the bills of exception upon which said assignments are predicated do not state the objections made to the testimony, and upon which same was excluded. The bills of exception simply state that plaintiff objected to the testimony. We are aware that the Supreme Court, in the case of Waller v. Leonard (89 Texas, 510), held that, where the bill of exceptions purported to quote the language of the objection, and such language, as quoted, showed only a general objection, that such bill of exceptions should be taken as stating the very objection made by the party to the testimony, and that none other was made. The bills of exceptions we are considering do not purport to quote the language used by plaintiff or to state the particular objection made by the plaintiff.

In the case of Grinnan v. Rousseaux, 20 Texas Civ. App., 20, 21, the Court of Civil Appeals of the Second District, on motion for rehearing, in passing upon a bill of exception taken to the exclusion of testimony containing a similar statement as to the objection made to the admission of testimony, and upon which same was excluded, distinguished that case from the case of Waller v. Leonard, supra, and in doing so, used this language: "Appellant relies upon Waller v. Leonard, 35 S. W, Rep., 1045, 89 Texas, 510, opinion by Justice Denman. In that case the bill of exceptions purported to quote what occurred at the trial, viz: 'Did Tacquard ever claim to you that he did own the Bousse survey?' 'To which plaintiff objects'; and it was held that as the bill showed exactly what occurred, it showed all the objections made. The bill of exceptions in the cause at bar does not purport to quote or otherwise state the objection made. It reads: 'But all of which offered testimony the court, on objection of plaintiff and intervener, refused to allow defendant Grinnan to introduce, to all of which defendant Grinnan then and there excepted,' etc. What the particular objection was, or whether only a general objection was made, does not appear. The case is, therefore, clearly distinguishable from Waller v. Leonard, and is in line with a long list of cases in this State, several of which are cited by Mr. Sayles in the note above referred to."

A writ of error was applied for in the case of Grinnan v. Rousseaux, supra, and refused by the Supreme Court, and we have examined the application for the writ, and find that the precise question ruled on by the Court of Civil Appeals, as above stated, was raised and presented in said application to the Supreme Court; and we construe the action of that court in refusing the writ as approving the distinction

made by the Court of Civil Appeals as above stated. We take the rule to be as laid down by the above two decisions, that where the bill of exceptions purports to quote the language of, or to state the particular objection made, that such bill of exceptions will be taken as stating the very objection made by the party, but that where it simply states that the party objected, or that objection was made, the bill will be insufficient upon the ground that it does not state the objections made to the testimony.

Appellants' fifth assignment of error complains of the action of the court below in excluding from the jury a part of the witness H. W. Sharp's answer to the fourteenth direct interrogatory propounded to said witness by appellants. Said interrogatory is as follows: "Did the defendant Atchison, Topeka & Santa Fe Railway Company, or the servants, agents or employes of said Atchison, Topeka & Santa Fe Railway Company, examine the contents of this or any of their flooded cars? If not, why not? Was there any objection on the part of the city authorities? If so, what objections? What was the quality of the water? Did it contain any acid, oils, etc.? If so, where did the acids and oils come from, and what effect did said acids and oils have on leather goods and such material, from which the tops and cushions of buggies are manufactured? Would it have been practicable to have unloaded this car at any time from May 30 to July 17, 1903? If not, please state fully why not?" The part of the answer objected to by plaintiff is as follows: Had the car been in our yard (meaning the car in question) on May 30, ready for movement out of town, we certainly would not have unloaded the car, and had we done so, it would have been covered with water just the same. Had the car been in our yards, it would not have been practicable to have unloaded it in our freight or warehouse for probably ninety days. In fact, the first carloads we were able to so handle were handled about ninety days after the flood. It was not practicable to unload it sooner, because we did not have any place to unload it. When this is taken into consideration, the fact that we had over eight thousand shipments, and in a great many cars, meant a carload, and that every warehouse, storagehouse, wholesale house and platform in the west bottoms were submerged the the same as we were, and on which there was a deposit from 11 inches to 4 feet of mud, it can readily be seen how small a portion of this freight could have been unloaded in any of the storage places between May 30 and July 17. It was impracticable to get men, tools and material to clean up faster than the railroads and private industries did. We could not have hauled our freight to storehouses up on the hill, because the city had every team there was to be had in use, in cleaning the streets and making it possible to get to the various business houses and industries in the flood area.

As appears from the bill of exceptions, appellee's objection was based on the ground that the answer objected to was but the statement of a conclusion of the witness, and not a statement of facts, and that it was a conclusion of the witness based upon a hypothesis not in evidence, and explaining appellant's objections as to what could have been done if this car was in the Santa Fe yards, and that said answer

was not admissible for the reason that the car was not in the Santa Fe yards, and what could have been done there was immaterial.

If this action of the court below was error at all, in our opinion it was harmless, and not to the prejudice of appellants. It appears from the question and the answer excluded, as shown by the bill of exceptions, that the testimony offered was in relation to what was and what could have been done in the yards of the Atchison, Topeka & Santa Fe Railway Company. The car in question was shown by the undisputed testimony to have been in the yards of the Missouri, Kansas & Texas Railway Company, and not in those of the Atchison, Topeka & Santa Fe Railway Company; and the appellants being sued as partners, and such partnership not being denied, each was liable for the negligence of the other. Hence what was done or what could have been done in the yards of the Atchison, Topeka & Santa Fe Railway Company becomes immaterial.

Appellant's seventh assignment of error complains of the action of the court below in excluding from the jury a part of the answer of the witness D. Farley to the thirteenth direct interrogatory propounded to him by defendant. The paragraph of said witness's answer objected to is as follows: "Labor was very scarce at any price and this condition resulted in great delay in necessary construction work. The different lines were diligent and bent every energy in getting their roads in condition for business." Plaintiff's objection to said answer being that same is a conclusion of the witness, and that it is a matter for the jury to determine, rather than the witness, and that it is not a question of expert knowledge. If this action of the court was error, the same was rendered harmless by the admission, presumably at another time, of the following testimony of said witness: "Labor was very scarce at any price, and this condition resulted in great delay in necessary construction work," which was all of the answer objected to, except the conclusion and opinion of the witness; and, in our opinion, as much thereof as was admissible.

By their eighth assignment of error, appellants complain of the action of the court below in admitting, over their objections, the evidence of the plaintiff J. M. Jarrell as to the amount of the freight charged and collected on the shipment of vehicles. We are of opinion that this testimony was admissible, for the reason that appellee was suing for the difference between the value of the vehicles in the condition in which they should have arrived at their destination, and their value in the condition they were when they did arrive at said point; and it was incumbent upon the appellee to show payment of freight charges, otherwise the amount of said charges should have been deducted from such difference in value. And, further, the record shows that no bill of exceptions was allowed to the action of the court complained of.

We have carefully examined and considered all of appellants' assignments of error, and are of opinion none of them is well taken. We do not think there was any error in the charge of the court, or in the refusal to give any of the special charges requested by the appellants. We find that the allegations of negligence contained in appellee's petition are sustained by the evidence, as shown by the record,

and that the evidence shows that the shipment of vehicles was damaged, as alleged in the petition, and in the amount found by the jury.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.