## FIRST NAT. BANK OF SAN MARCOS v. SMITH et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1913. Rehearing Denied Nov. 8, 1913.)

1. DAMAGES (§ 80*)—LIQUIDATED DAMAGES OR PENALTY—PROPORTION OF SUM STIPULATED TO ACTUAL DAMAGE.

A provision in a building contract that the contractor would pay to the owner $20 for each day that the completion of the building was delayed beyond a date specified was properly treated as a penalty and only actual damages for the delay allowed where the actual damages were easy of ascertainment and amounted to only $1,491 for a delay for which, under the contract the owner claimed $3,468.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. § 80.*]

2. SET-OFF AND COUNTERCLAIM (§ 49*)—BUILDING CONTRACTS—PRIORITY OF OFFSETS DUE OWNER ON CLAIM OF ASSIGNOR.

Where the owner of a building in course of construction has legal offsets against the claim of the contractor, such offset is superior to the claim of the contractor's assignee, but he has no claim to the money in his hands beyond the amount of the offset.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107–112, 114–117; Dec. Dig. § 49.*]

3. MECHANICS' LIENS (§ 291*)—CONSTRUCTION—DOUBLE RECOVERY.

In an action to enforce a mechanic's lien for $1,410, a judgment against the owner for $593.50, and against the contractors for $1,410, was not a double recovery; it being clear that the $593.50 was a part of the $1,410, and that payment of either amount would wholly or partly extinguish the other.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 599–605, 607, 610; Dec. Dig. § 291.*]

4. APPEAL AND ERROR (§ 499*)—RECORD—GROUNDS OF OBJECTION.

The rejection of evidence will not be considered on appeal when the bill of exceptions

fails to show what objections were made and sustained by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Sidney Smith, Jr., against the First National Bank of San Marcos and others. From the judgment, the defendant named appeals. Affirmed.

W. P. Donalson, of Dallas, for appellant. M. M. Plowman, Spence, Knight, Baker & Harris, and A. F. Weisberg, all of Dallas, for appellees.

RAINEY, C. J. We adopt the statement of the case found in appellant's brief, as follows:

"This suit was brought by Sidney Smith, Jr., as plaintiff, against the following defendants, viz.: Birkner & Beasley, a firm composed of Otto Birkner and D. K. Beasley; C. F. Gary, alleged to be a member of the partnership of Birkner & Beasley, who denied under oath that he was a member of such partnership; P. G. Silber, alleged to have been a member of Dallas Cement Stone Works, a partnership composed of plaintiff and said Silber, which partnership, it was alleged, had dissolved, said Silber transferring to and guaranteeing the payment of the claim in question to plaintiff; the First National Bank of San Marcos, a banking corporation, which had contracted with Birkner & Beasley for the erection and construction of the building in question; C. F. Gary, W. E. Gary, J. E. Mauldin, and John A. Mott, sureties on the bond executed by the contractors, Birkner & Beasley, to the said bank to insure the faithful performance of said building contract. Plaintiff also alleged that since the filing of this suit he had transferred and assigned the claim in question to J. B. Adoue, for whose benefit this suit is prosecuted, and defendants Goslin & Wright, a firm composed of J. W. T. Goslin and R. M. Wright, were made defendants in this cause for the purpose of having their alleged lien adjudicated. Plaintiff claimed a balance of $1,410, and Goslin & Wright a balance of $643.50, alleged to be due for labor performed and material furnished on said bank building under contracts with said Birkner & Beasley, and sought to establish liens on such building, and the ground on which it is located, to secure the payment of their claims. In addition to the lien, plaintiff claimed to have an assignment executed by the contractors, directed to said bank, for the payment of said $1,410. Defendant bank pleaded a general denial, assignment of the fund claimed by plaintiff, and that it had a contract with Birkner & Beasley requiring them to construct and complete the building in question on or before November 15, 1909, and that in the event of their failure to do so, defendant bank was entitled to the sum of $20 per day, as accrued and liquidated damages, for each day thereafter that such building was not completed, and that same was not completed until August 27, 1910; that it had paid said contractors various sums of money, both on the estimates of the architect and in addition thereto, all of which were made as payments on the contract price of the building, and that it was not indebted to said contractors in any sum. Said cause was tried before a jury on November 14, 1912, and the court, after submitting to the jury one special issue, as to the rental value of the building in question, on motion rendered judgment as follows: For plaintiff, against defendant bank, for the sum of $583.50; for plaintiff, against defendants Birkner & Beasley and D. K. Beasley and P. G. Silber, for $1,410; for defendants Goslin & Wright, against defendants Birkner & Beasley and D. K. Beasley, for $643.50; for plaintiff and defendants Goslin & Wright, establishing and foreclosing mechanics' and materialmen's liens upon and against defendant bank's property, in the sum of $1,977.06. The court also rendered judgment for defendants C. F. Gary, W. E. Gary, J. E. Mauldin, and John A. Mott, and against defendant Silber on his cross-action."

### Conclusions of Fact.

We conclude that the First National Bank of San Marcos was the owner of a certain lot in the town of San Marcos, upon which it contracted to have erected a business building and for the erection of which it became liable to plaintiff in the sum of $593.50, and created a lien on said building in favor of plaintiff assignor for the sum of $1,410. Also said Goslin & Wright were entitled to a mechanic's lien on said building for $643.50. The appellant was damaged, by reason of delay in erecting the building, in the sum of $1,491. The said sum of $593.50, for which personal judgment was rendered, is part of the identical indebtedness which was secured by the plaintiff's materialman's lien.

### Conclusions of Law.

[1] 1. Appellant contends that under its building contract it was entitled to $3,468 for delay in constructing the building, which was ignored by the court in charging the jury, and construed the contract as providing for a penalty in case of delay, instead of providing for a sum certain as liquidated damages. The agreement stipulated that: "It is hereby stipulated and mutually agreed by and between said contractors and said owner that if said building, basement story and all, be not completed and finished within the period of time hereinabove specified, that is, on or before the 15th day of November next, 1909, then, and in that event, said contractors shall forfeit to and shall and will pay to said owner the sum of twenty dollars per day

($20.00) for each and every day thereafter, until said building, basement story and all, shall be completed and finished in conformity with said plans and specifications so referred to in said general contract, and in this supplemental agreement, the money so forfeited to be due and payable at the end of each of the days on which such forfeiture shall, if at all, accrue." The court properly construed the contract, and allowed the defendant as damages such a sum as compensated it for the delay in completing the building. Whether contracts of this nature are to be construed as providing for a liquidated sum, or to be construed as a penalty, is not always easy to determine.

Mr. Chief Justice Gaines, in Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, in discussing this question, says: "It is to be conceded, that although the parties to a contract have named a specified sum of money as liquidated damages for its breach, the courts may in certain cases treat the provision as a penalty, and restrict the recovery to the actual damages which have accrued. But it seems to us that the authorities lay down no satisfactory rule by which in every case it is to be determined when a provision of that character is to be construed as fixing the damages, and when as merely naming a penal sum. If the damages be in their very nature uncertain or their amount indeterminate, the sum specified will be treated as fixing by stipulation the amount of the recovery. But the difficulty arises in cases in which the damages are reasonably susceptible of ascertainment. There, as we think, the authorities leave us at sea, without any accurate chart to direct our course. It would seem that if the expressed intention of the parties to a contract should govern, in every case where they say that a certain sum shall be paid as liquidated damages in case of its breach, it should be construed as fixing the amount of a recovery, and yet, as we have said, notwithstanding such a provision, in certain cases the damages may be limited to a just compensation for the loss which has been suffered. Therefore the principle would appear to be that, although a sum be named as 'liquidated damages,' the courts will not so treat it unless it bear such proportion to the actual damages that it may reasonably be presumed to have been arrived at upon a fair estimation by the parties of the compensation to be paid for the prospective loss. If the supposed stipulation greatly exceed the actual loss—if there be no approximation between them, and this be made to appear by the evidence—then it seems to us, and then only,

should the actual damages be the measure of the recovery."

The evidence shows that the loss sustained by appellant in being deprived of the use of the building was easy of ascertainment, and that the rate of $20 per day fixed by the court was absolutely disproportionate to the loss sustained.

[2] 2. Where the owner of a building in course of construction has legal offsets against the claim of the contractor for work and material, such offset is superior to the claim of the contractor's assignee; still the owner has no superior claim to money held by it out of money due to the contractor and to which it is not entitled. The court submitted to the jury the proper measure of damages sustained by appellant, which was found by the jury, and which finding fixes the amount which appellant had the right to hold; therefore the balance of said sum was subject to plaintiff's demand.

[3] 3. The ninth assignment, wherein appellant complains of the judgment in favor of plaintiff for $593.50 as a double recovery to that extent, we do not think is well taken. We think the judgment clearly shows that the $593.50 is a part of the $1,410, and the payment of the latter sum extinguishes the former sum, and likewise the payment of the $593.50 cancels a like amount of the $1,410.

[4] 4. The rejection of evidence will not be considered when the bill of exceptions fails to show what objections were made to the testimony and sustained by the court. Appellant's exceptions 2 and 3 are defective in the particular named; therefore the assignments based thereon will not be considered. Railway Co. v. Jarrell, 86 S. W. 632; Railway Co. v. Wishert, 89 S. W. 460; Railway Co. v. Jones, 60 S. W. 978.

The foregoing seems to be the rule followed by the courts of this state.

The case of Waller v. Leonard, 89 Tex. 510, 35 S. W. 1045, is cited by appellant in support of the correctness of said bill. In the case of Grinnan v. Rousseaux, 20 Tex. Civ. App. 20, 48 S. W. 58, 781, the Waller-Leonard Case is distinguished, and it is held not to be in point. We think the instant case is like the Grinnan Case and differs from the Waller Case; therefore we follow the rule as laid down in the Grinnan Case, and hold the bill of exceptions defective in the particular named.

5. We conclude that the evidence supports the judgment; that the record shows no reversible error, and the judgment is therefore affirmed.