HALL v. RAY. (No. 7321.)

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1915.)

1. APPEAL AND ERROR ⊜499—PRESENTATION FOR REVIEW — EXCLUSION OF EVIDENCE — BILLS OF EXCEPTIONS.

Where bills of exceptions to the exclusion of evidence do not disclose the objections made to the evidence excluded, the ruling cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⊜499.]

2. APPEAL AND ERROR ⊜569—BILL OF EXCEPTIONS—SIGNATURE OF JUDGE—NECESSITY.

Bills of exceptions taken to the exclusion of evidence could not be considered on appeal, where they were not signed by the presiding judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. ⊜569.]

3. EVIDENCE ⊜471—CONCLUSION OF WITNESS.

A question inquiring of defendant whether he had any agreement with plaintiff whatever or gave him any right to the property in controversy was not objectionable as calling for a conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ⊜471; Witnesses, Cent. Dig. § 833.]

4. APPEAL AND ERROR ⊜1050—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission of a witness' testimony over an objection that it was a statement of a conclusion, if error, was harmless, where the witness had already given substantially the same testimony without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊜1050.]

5. PARTNERSHIP ⊜336—EXISTENCE OF PARTNERSHIP—INTEREST IN LAND—EVIDENCE.

In an action for a partnership accounting in respect to two tracts of land bought by defendant in his own name, wherein he denied the existence of partnership, the testimony of the attorney who had acted for plaintiff and defendant in connection with various transactions and was familiar with their dealings with each other that he did not know or hear of plaintiff's ownership in the lands in controversy was properly admitted.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 797; Dec. Dig. ⊜336.]

6. APPEAL AND ERROR ⊜1027 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission of such evidence, if error, was harmless where it appeared that the same verdict and judgment would have been rendered had the evidence been excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4033; Dec. Dig. ⊜1027; Trial, Cent. Dig. § 124.]

7. APPEAL AND ERROR ⊜742—PRESENTATION FOR REVIEW—ADMISSION OF EVIDENCE.

An assignment of error complaining of the admission of evidence could not be considered on appeal, where it was not followed by a statement from which it could be determined

whether the court erred in admitting the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

**8. PARTNERSHIP ☞336—ACCOUNTING — EVIDENCE.**

Where, in an action for an accounting in respect to a general partnership in land deals, defendant denied the existence of such partnership, but claimed that plaintiff had been interested with him in special land trade contracts, the defendant's testimony that prior to the date on which the alleged general partnership was entered into he and plaintiff had made a number of trades together and divided the profits was properly admitted.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 797; Dec. Dig. ☞336.]

**9. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE.**

The admission of defendant's testimony that prior to the date of the general partnership the existence of which was in controversy he and plaintiff had made a number of land trades together and divided the profits on same, if error, was harmless, where plaintiff had testified to similar, if not the same, transactions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

**10. APPEAL AND ERROR ☞742—ASSIGNMENT OF ERROR—PROPOSITION.**

An assignment of error under which no proposition is submitted will not be considered on appeal, where it does not sufficiently disclose the point insisted on to be a proposition within itself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

**11. APPEAL AND ERROR ☞742—ASSIGNMENT OF ERROR—STATEMENT.**

An assignment of error will not be considered on appeal where the statement subjoined thereto is wholly insufficient to support same and enable the Supreme Court to determine without an examination of the record whether error was committed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

**12. PARTNERSHIP ☞336—ACCOUNTING—EXISTENCE OF PARTNERSHIP — BURDEN OF PROOF.**

In an action for an accounting in respect to a general partnership, wherein defendant denied the existence of such partnership, the burden of proof was on plaintiff.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 797; Dec. Dig. ☞336.]

**13. TRIAL ☞255—INSTRUCTIONS—REQUEST—BURDEN OF PROOF.**

In an action for an accounting in respect to a general partnership in land, wherein defendant denied the existence of such partnership, but claimed that he and plaintiff had participated in several land trades in respect to which he asked an accounting, the court's failure to charge that the burden was on defendant to establish the causes of action which he set up in his favor was not error, in the absence of a request for such an instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. ☞255.]

**14. TRIAL ☞339—VERDICT—CORRECTION.**

Where, in an action for an accounting in respect to a general partnership, defendant denied the existence of such partnership, and set up special partnerships in respect to which he asked an accounting, and according to plaintiff's admission and the uncontradicted evidence an item to which defendant was entitled had been overlooked by the jury, the court properly called the jury's attention to same, and directed that they return to the jury room and correct the verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 791–794; Dec. Dig. ☞339.]

**15. APPEAL AND ERROR ☞743 — PRESENTATION FOR REVIEW—VERDICT—EVIDENCE.**

On appeal in such case plaintiff's contention that defendant admitted and that the undisputed evidence showed that he was entitled to an item not allowed by the verdict could not be considered, where the page or pages of the voluminous statement of facts containing such admission and evidence was not given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. ☞743.]

**16. COSTS ☞32—PREVAILING PARTY—PARTNERSHIP ACCOUNTING.**

Where defendant in such case recovered on both phases of the case involved, he was entitled to recover all costs, though plaintiff recovered some items in controversy in the accounting.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. ☞32.]

Appeal from District Court, Navarro County: H. B. Daviss, Judge.

Action by C. J. Hall against D. W. Ray. From judgment for defendant, plaintiff appeals. Affirmed.

McClellan & Prince and J. S. Callicutt, all of Corsicana, for appellant. Lawrence Treadwell and Richard Mays, both of Corsicana, for appellee.

TALBOT, J. The appellant, Hall, sued the appellee, Ray, in the district court of Navarro county, Tex., the substance and effect of his allegations being, so far as is necessary to state, that about the 1st of February, 1910, he entered into a verbal contract of general partnership with appellee by which they were to engage in the purchase and sale of lands as an investment, for speculation, and upon commission for others; that at the dissolution of the alleged partnership the firm owned an undivided half interest in the Noble tract of 150 acres of land and the Watson tract of 450 acres, and that he owned a one-fourth interest in the two tracts; that, by reason of other partnership transactions, an accounting, for which he prayed, would disclose that appellee was indebted to him in the sum of several thousand dollars. Appellant alleged further that, while the deeds to the Noble tract and the Watson tract were made directly to appellee and vested the legal title in him alone, and that while the consideration and all obligations therefor had been paid and assumed entirely by appellee, yet that this was in pursuance of an agreement appellant had with appellee, by which, if appellee bought land for the firm and paid the consideration, then he was to take the title to the property in his own name, in trust, and as a security to secure said purchase money, with ten per cent. interest thereon. Appellant prayed for a dissolution of the alleged partnership, for an accounting

of all partnership matters and distribution of the partnership assets, and for judgment fixing his interest in the lands aforesaid and establishing his interest therein, for costs, and for general and special relief. Appellee, Ray, denied appellant's claim of general partnership, as well as his claim of an agreement that the Noble and Watson tracts were bought for the firm, and the deeds were taken in his name, as security for the purchase money and obligations which he had paid and assumed in the purchase of said tracts of land. He also denied that appellant had any character of title, interest, or equity in said two tracts of land. Appellee charged that during the year 1910, as well as for several years prior to that time, both appellee and appellant, being engaged in land trading, would occasionally, from time to time, have special partnership transactions with reference to specific land trades, and that appellee and appellant had several of such special partnership transactions during the year 1910, and that upon an accounting thereof appellant would be found liable to appellee, and for which judgment was prayed. The case was tried in April, 1912, and submitted to a jury upon special issues. All of the questions submitted were answered, the result of which was that the jury found for appellee against appellant upon his contention of a general partnership, and against his contention that appellee was liable to him in any sum; also found that appellant had no interest whatever in the Noble and Watson tracts of land. They also found, as was admitted by appellee, that there were certain special partnership transactions between February 1, 1910, and January 31, 1911, and that after an accounting thereof appellant was indebted to appellee in the sum of $150.57. Judgment was entered in accordance with the findings of the jury, and appellant prosecuted this appeal. The appellant did not claim, but in effect denied, the existence of any special partnership transaction with appellee during the year of the alleged partnership. He did not claim that either the Noble or Watson tract was acquired under any special partnership agreement, but rested his claim of interest in said tracts on his alleged general partnership agreement with the appellee.

There is no assignment of error presented in appellant's brief which charges that the findings of the jury are unsupported by the evidence. The questions raised relate solely to the admission and exclusions of certain testimony and supposed errors in the submission of certain issues to the jury, charges upon the burden of proof, the excessiveness of the amount found in favor of appellee upon the accounting, and in adjudging all costs of the suit against appellant.

[1] The first, second, fifth, seventh, eighth, thirteenth, and fourteenth assignments of error complain of the action of the trial court in excluding certain testimony offered by the

179 S.W.—72

appellant. The bills of exceptions taken to the exclusion of the testimony are insufficient under the rules and decisions of our appellate courts to authorize a review of the court's rulings. The bills fail to show the ground of objection made to the evidence offered or the ground or grounds upon which it was excluded. It is settled by numerous decisions of the appellate courts of this state that, when the bills of exceptions do not disclose the objections made to the evidence excluded, the ruling cannot be considered on appeal. Johnson v. Crawl, 55 Tex. 571; Texas Progressive Lumber Co. v. Railway Co. (Sup.) 155 S. W. 175; Brewing Co. v. Dickey, 20 Tex. Civ. App. 606, 49 S. W. 935; Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781; Railway Co. v. Jones (Civ. App.) 60 S. W. 978; Railway Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; Porter v. Langley (Civ. App.) 155 S. W. 1042. The bills of exception reserved to the rulings of the court complained of by appellant do not purport to quote the language used by appellee's counsel in objecting to the admission of the evidence excluded; nor does it appear what particular objection was made to its admission, or whether only a general objection was made thereto. They simply state that the appellee objected to the testimony or that appellee's objections thereto were sustained, and hence the ruling of the Supreme Court in Waller v. Leonard, 89 Tex. 510, 35 S. W. 1045, is not applicable. Grinnan v. Rousseaux and Railway Co. v. Jarrell, supra.

[2] The fourth and ninth assignments of error, which complain of the exclusion of testimony offered by appellant in the trial court, cannot be considered, because not supported by any bill of exception. We find in the transcript what purports to be bills of exception taken to the action of the court in excluding the testimony here in question, but neither of the bills is signed by the judge who presided at the trial of the case. It not appearing by the signature of the judge that the bills relied on were approved and allowed by him, they cannot be considered.

For similar reasons, the tenth assignment of error complaining of the action of the court in rejecting certain testimony of the witness T. D. Pierce, tendered by the appellant, cannot be considered, and the ruling reviewed. The bill of exception referred to in support of this assignment relates to the ruling of the court in admitting certain testimony of appellant's witness E. L. McCluney, over appellant's objection, and in no way relates to any testimony tendered by his witness T. D. Pierce.

[3] Appellee's attorney asked the appellee while testifying in his own behalf the following question: "Did you have any agreement with him, Hall, whatever, or give him any right in the Noble and Watson tracts?" To which the witness replied: "No, sir." This question and answer were objected to by ap-

pellant, and they are made the basis of his third assignment of error. The question was objected to because leading and called for the conclusion of the witness as to what right the appellant had in the Noble and Watson tracts of land, and the answer because it was but the conclusion of the witness upon a vital issue, which it was the province and duty of the jury to determine from all the evidence in the case. We are inclined to the opinion that the question was leading, but do not believe it called for the conclusion of the witness. Under the pleadings and pertinent testimony which had already been admitted, whether appellee had agreed verbally with appellant that he should have an interest in the two tracts of land referred to became a very material, if not the leading and controlling, issue in the case, and the statement of the witness to the effect that he had made no such agreement with the appellant was the statement of a fact, and not merely his conclusion.

[4] But, conceding for the sake of the argument that the question was leading, and that it called for the conclusion and opinion of the witness, still the error must be regarded as harmless, and as furnishing no sufficient ground for a reversal of the case, for the reason that the witness Ray had already given substantially the same testimony as that elicited by the question without objection. Ray, among other things, testified, in substance, as follows:

"I paid $35 an acre for the Noble place. In paying for the Noble tract, Hall put in some bank stock, which he wanted to get rid of, and which Noble accepted, and I agreed that this could be done, and I paid Hall in money the value of said stock. We figured on the Noble tract while we were figuring on the Henderson county place [owned by Ray]. A few days before we traded Hall told me he had heard from Maske Bros., and that they would not give but $6,250 for the farm, and I refused to take it. Hall said, if I would take $6,250 for it, he would sell it for Maske Bros., and make a $500 profit, and then we would divide the profits. I told Hall I would take it, and would take the money I got from Maske Bros. and buy another place, and we [Hall and Ray] would look after both places and divide the profits, if we sold them that year [from January, 1910, to January, 1911]. I did not have any other contract or partnership with Hall at that time. I never did agree with Hall that he was to have a half interest in property purchased by me during that year. I did not have any agreement whatever with Hall by which he was to have any right or interest in the Noble and Watson tracts. The Noble transaction did not happen after Hall and I went together. In answer to your question as to whether or not the Noble and Maske trades occurred after the inauguration of a partnership, I will say there was not any inauguration of a partnership. The morning of January 20, 1911, was the first time Hall ever claimed he had an interest in the Noble tract."

[5] Appellant's sixth assignment of error is as follows:

"The court erred in allowing the defendant's attorney to answer the following question: 'Do you know or hear of Hall [plaintiff] having any ownership in this land, that is, the 150-acre tract and the 450-acre tract?' To which ques-

tion said counsel answered: 'No sir, I didn't know anything about him having an interest in it.' This evidence of said counsel was permitted over appellant's objection."

The bill of exception taken to this ruling shows that appellant objected to the testimony admitted for the reason that it was not admissible to show by appellee's attorney that he did not know or hear of appellant's ownership of the lands in controversy; that the knowledge of the witness Treadwell, appellee's attorney, as to appellant's interest in said lands, could not and did not disprove such interest therein. We think, under the facts in evidence, this testimony was admissible as a circumstance to be considered by the jury, together with other evidence, in determining whether or not it had been agreed between appellant and appellee that appellant should have the interest in the lands as claimed by him. It seems, as contended by appellee's attorney, that the witness Treadwell had been the attorney for the appellee, Ray, appellant, Hall, and Watson, from whom what is called by the witnesses the Watson tract was acquired, from time to time, and had procured loans for each of the parties, and was familiar with their transactions and title to and interest in various properties, including the lands in controversy. After appellee, Ray, had purchased the Noble place, and the deed had been executed to him alone, a trade was put on foot and negotiated between Ray, on the one hand, and Watson, on the other, whereby Ray was to convey to Watson a half interest in the Noble place, and Watson was to convey a half interest in an adjoining tract of 450 acres held by him. These negotiations were pending for some period of time, and, in addition to making the trade, new loans had to be either made or assumed by the respective parties and adjusted. Appellant, Hall, had an entire and complete familiarity with this transaction from first to last, and testified that he was interested therein to the same extent as was appellee, Ray, and that said trade was brought about as a result of the joint efforts of Ray and himself, on the one hand, and Watson, on the other. In the entire transaction Treadwell was the attorney for Ray, or Ray and Hall, and Hall, as well as Ray, constantly conferred and consulted with Treadwell, who drew the deeds, with reference to the matter, and until its consummation. Treadwell was also attorney for Watson in the transaction, as was known to all the parties at interest. Appellee, Ray, was contending, and testified to that effect, that the appellant, Hall, on January 20, 1911, for the first time, claimed that he had an interest in the Watson and Noble tracts of land, or at least in the Noble tract, and the witness Treadwell, having been the attorney for appellant, appellee, and Watson, and familiar with their transactions and the interest claimed by appellant and appellee in the different tracts of land, was clearly in position of

having known or heard of any claim asserted by appellant to the lands in question, and if, under the facts and circumstances shown, no interest in said lands was claimed by him during the time the various transactions affecting said lands were occurring it was competent, it seems to us, to show that fact by the witness Treadwell.

[6] But if technically the testimony was inadmissible, we are not prepared to say that its admission was such a denial of the rights of the appellant as was reasonably calculated to cause, and did cause, the rendition of an improper verdict and judgment in the case Unless we can so say, the error furnishes no ground for a reversal of the case. Rule 62a (149 S. W. x). The testimony bearing upon appellant's claim to and interest in the lands involved in his controversy with appellee was fully developed, and it is not claimed that the evidence, independently of that here complained of, was insufficient to warrant the findings of the jury and the judgment based thereon. Such a claim, if made, could not be sustained. We feel very sure from the record sent to this court that the same verdict and judgment as were rendered would have been rendered had the court excluded, instead of admitting, the testimony under consideration.

[7-9] The eleventh assignment of error charges that the court erred in allowing the appellee, Ray, to testify that for five or six years prior to February 1, 1910, "the date this partnership between plaintiff and defendant was entered into," he and the plaintiff had made a number of trades together and divided profits upon the same. This assignment is not followed by a statement from which we may determine whether or not the court erred in admitting this testimony, and hence, under the rules, is not entitled to consideration. However, from our knowledge of the testimony acquired in the investigation of other questions raised, there was no error in this action of the court. The appellant claims an interest in the property involved in the suit by reason of an alleged general partnership agreement entered into between himself and appellee. The appellee denied that any such agreement was ever made, but claimed that appellant, from time to time, had been interested with him in special contracts relating to land trades. The alleged contract of general partnership was not in writing, and, as bearing upon the issue raised, proof was admitted by the court as to the character and kind of dealings which had existed between the parties prior to the date of the alleged general partnership agreement. It occurs to us that this was pertinent testimony upon the issue to which it related, but whether it was or not appellant is in no position to insist upon a reversal because of its admission, for the reason that prior to the ruling admitting said testimony he himself had testified to similar, if not the same, transactions antedating his alleged agreement of general partnership.

[10, 11] The twelfth assignment of error is, not briefed as required by the rules, and will not be considered. There is no proposition submitted under it, and the assignment does not sufficiently disclose the point insisted upon to be considered a proposition within itself. But, if the assignment could be regarded as presenting the proposition insisted upon by appellant, still the statement subjoined thereto is wholly insufficient to explain and support the same, and enable us to determine whether or not error was committed in the ruling complained of without an examination of the record. Such manner or method of briefing a case is clearly violative of the rules.

[12] Assignments 15, 16, 17, and 21 assert that the court erred in submitting certain issues to the jury for their determination; the eighteenth that the court erred in placing the burden of proof upon the plaintiff; and the nineteenth that—

"the court erred in refusing to charge the jury that the burden of proof was upon the defendant, D. W. Ray, to establish any and all of the causes of action which he was setting up in his favor and against the plaintiff and as to any of the contentions he was making with regard to the property involved in this suit."

A consideration of these assignments, as are all of the appellant's assignments, is objected to because they are not briefed as required by the rules. The objections here urged are well taken. There is no proposition submitted under either of the assignments, they cannot properly be considered as presenting propositions within themselves, and there is no sufficient reference to or quotation of the evidence or proceedings in the case to explain and support said assignments or to enable us to determine whether or not error was committed by the court in either of the rulings complained of, without an examination of the statement of facts and other portions of the record sent to this court. This we are not required to do. But, if we were called upon or disposed to consider the assignments, we are not prepared to say there was error in any ruling of the court called in question by the assignments. On the contrary, we conclude from the investigation of the record we have made that the action of the court in the several particulars to which the assignments relate was correct. The issues submitted and of which complaint is made were controverted and pertinent issues for the determination of the jury, and no just complaint can be made of the manner and form of their submission. The burden of proof as placed by the court was properly laid upon the appellant.

[13] Neither the assignment of error 19, complaining of the refusal of the court to "charge the jury the burden of proof was upon the defendant, D. W. Ray, to establish any and all of the causes of action which he

was setting up in his favor and against the plaintiff," nor the statement accompanying it, shows that a special charge to that effect was requested by appellant and refused, or points out any pleadings or evidence calling for such an instruction. At most, it only can be said that the error, if error, was one of omission, and cannot be made a ground for reversal unless a proper special charge supplying the omission was asked by appellant.

[14] The twenty-second assignment of error is as follows:

"The court erred in submitting to the jury, under section 14, question 12, after the jury had returned a verdict into court, and same had been received by the court, instructing them that they had overlooked one item of $500 against the plaintiff in the McCluney-Borders deal, for which he had not accounted to the defendant, and instructed the jury to charge this amount against plaintiff. This was done over the plaintiff's objection after the verdict had been rendered and received, and, further, the plaintiff objected thereto because the uncontroverted evidence showed that there was an item of $25 received by the defendant from Moseley and Telly, which the defendant admitted he had received and had in his possession, and admitted that it was the partnership property of the plaintiff and defendant, and the court refused to instruct or charge this uncontroverted item of $25 against the defendant."

It does not appear that there was any error in this action of the court. The statement in the assignment to the effect that the first verdict was "received" by the court is not correct. It does not appear that such verdict was received and filed. But this was regarded as unimportant. The court charged the jury thus:

"You are instructed that, in the matter of accounting between C. J. Hall and D. W. Ray, under the instructions of the court in (14) question twelfth, you have overlooked one item of $500 commission on the McCluney-Borders deal, which C. J. Hall in his pleading admits, and which the evidence shows without dispute that C. J. Hall received, and for which he has not accounted to D. W. Ray. You will therefore return to your jury room and properly incorporate this item in your accounting, and reform your verdict in answer to said (14) question twelfth, accordingly."

It is not denied by the appellant that this was an admitted item in his pleadings, nor does he deny that the uncontroverted evidence showed that the appellant had received the amount of said item and had failed to account to appellee therefor. The complaint is that the court should not, after the jury came into court with their verdict, and it was discovered that said item had been overlooked, and not considered by the jury in arriving at their verdict, have sent the jury back with the direction to consider and allow said item. There was no error in this action of the court. The appellee's right to have the item of $500 charged to appellant in the accounting prayed for by appellant not being disputed, it was entirely proper for the court to decline to receive the

first verdict brought in by the jury, and direct them, as was done, to allow appellee said item. Had the item been overlooked until the court was called upon to enter judgment upon the jury's findings, the item being an undisputed one to which appellee was entitled in arriving at the state of the accounts between himself and the appellant, it would have been the duty of the court then to take it into account and allow it in the judgment rendered. This being true, clearly there was no error in instructing the jury to correct their verdict in respect to said item.

[15] It is further contended by appellant that the undisputed evidence shows that in arriving at the state of the accounts between himself and the appellee he should have been allowed an item of $25, which was not allowed, and therefore the judgment rendered is excessive in that amount. The appellee denies that appellant's right to this item of $25 was shown by the undisputed evidence, and appellant in his brief fails to point out and show that such was the character of the evidence. We find it is stated in the statement made under the twenty-second assignment of error, just discussed, that:

"The evidence shows without conflict that Ray was indebted to the firm of C. J. Hall & Co. in the sum of $25 received by him from Moseley and Telly. He admits this himself."

But the page or pages of the statement of facts where the evidence may be found showing without conflict that appellant was entitled to allowance of said item of $25 is not given, nor is the page of the statement of facts or record showing the admission claimed given. The statement of facts sent to this court contains 379 pages, and the testimony of the appellee, Ray, covers many pages, the exact number of which we have not ascertained, but to search the statement of facts or go over the testimony of Ray to ascertain whether or not appellant is correct in his statement to the effect that appellee admitted that he was entitled to be credited with the $25 in question, or that the evidence showed such right without conflict or dispute, would involve so much time and labor that it would be entirely unreasonable and out of the question to expect us to enter upon any such investigation.

[16] The contention that the trial court erred in taxing the costs against appellant also will be overruled. The appellee recovered upon both phases of the case involved, and was entitled to recover all costs. The fact that appellant recovered some of the items in controversy in the accounting did not entitle him to recover any part of the costs.

The judgment of the court below is in all things affirmed.