## J. S. GRINNAN V. J. A. ROUSSEAUX ET AL.

Decided December 10, 1898.

1. **Assignment of Error Defective.**

An assignment of error to the exclusion of evidence by the trial court will be ignored where, in the various propositions it contains, the ground of the ruling complained of is not disclosed.

2. **Practice on Appeal—Bill of Exceptions Necessary.**

An assignment of error to the exclusion of evidence can not be considered where the bill of exceptions fails to show the ground of objections upon which it was excluded.

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*Gossett & Young,* for appellant.

*J. S. Woods* and *Wm. H. Allen,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—J. A. Rousseaux sold and conveyed to J. M. Ellison the three tracts of land involved in this controversy, for which Ellison paid a small sum in cash, executed two promissory notes for $250 each, and assumed a mortgage debt of $1600, besides interest, which Rousseaux owed the New England Loan and Trust Company, secured by deed of trust on the land. Ellison made default in the

payment of annual interest due the loan company, and in consequence thereof the principal debt was matured long before the time specified in the deed of trust, which resulted in a sale of the land by the trustee to J. S. Grinnan, as provided in that instrument. Ellison also made default in the payment of the notes given Rousseaux.

This suit was brought by Rousseaux against Grinnan and the loan company to set aside the sale to Grinnan, E. I. Kennedy intervening as the owner of one of the tracts of land. The relief sought was obtained as to Grinnan, who appeals from the judgment.

The decision of the case turned upon the controverted issue of fact, whether Grinnan, who acted as agent for Rousseaux in the sale to Ellison, had undertaken, as a part of that employment, to notify Rousseaux, who moved away to California, of any default Ellison might make in the payment of interest to the loan company. Upon this issue the evidence was clearly and admittedly conflicting. The verdict is therefore conclusive against appellant, unless the errors assigned to the proceedings at the trial, or some of them, be sustained.

Of these assignments the first presented in the brief complains of the exclusion of "the various kinds of evidence set out in defendant's bill of exceptions No. 1, showing the reckless and inconsistent swearing of plaintiff," etc. As presented in the brief, we find nothing tangible in this assignment. Various propositions are couched in the assignment itself, as well as in the purported single proposition under it. The ground of the ruling complained of is not disclosed. A glance at the complex bill of exceptions referred to is likewise perplexing. To consider an assignment so made, so presented in the brief, and so supported by the record, would be violative both of the letter and spirit of the rules. We consequently feel constrained to ignore it.

The other assignments, except the one complaining of the refusal to grant a new trial on the facts, already in effect overruled, relate to the court's action in giving and refusing charges. We find nothing in the charges given of which appellant can justly complain, nor did the special charge refused contain anything additional which should have been given. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We are urged to reconsider our action in ignoring the fourth assignment of error, the first presented in the brief. But if the manner of briefing it be waived, we still could not consider it, because the bill of exceptions fails to show the ground of objection upon which the evidence was excluded. 1 Sayles Civ. Prac., sec. 537, and cases cited in note 2 under rule 58.

Appellant relies upon Waller v. Leonard, 35 Southwestern Reporter, 1045, opinion by Justice Denman. In that case the bill of exceptions purported to quote what occurred at the trial, viz.: "Did Tacquard ever

claim to you that he did own the Bousse survey?' to which plaintiff objects;" and it was held that as the bill showed exactly what occurred it showed all the objection made.

The bill of exceptions in the case at bar does not purport to quote or otherwise state the objection made. It reads: "But all of which offered testimony the court on objection of plaintiff and intervener refused to allow defendant Grinnan to introduce, to all of which defendant Grinnan then and there excepted," etc. What the particular objection was, or whether only a general objection was made, does not appear.

The case is therefore clearly distinguishable from Waller v. Leonard, and is in line with a long list of cases in this State, several of which are cited by Mr. Sayles in the note above referred to.

Upon this ground therefore we rest our decision, and overrule the motion for rehearing.

*Overruled.*