FIRST NAT. BANK OF SNYDER v. PATTERSON. (No. 568.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1916. Rehearing Denied May 18, 1916.)

1. BANKS AND BANKING ☞140(2) — PAYMENT OF CHECKS—LIABILITY.

Where an insurance company, which drew its checks to its state and local agents, notified the bank to which the check was sent to secure the local agent's indorsement and forward the check to the state agent, and the state agent further notified the bank that the entire sum was due him, the bank was liable to him in the amount due him when it permitted the local agent to indorse both names and paid him the amount of the check, although that procedure had been followed before; the agents being treated and acting as partners, the rule permitting payment of a check to either member of a firm not applying under express instruction to the contrary.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 383; Dec. Dig. ☞140(2).]

2. TRIAL ☞259(2) — REQUESTS FOR INSTRUCTIONS.

It is not error to refuse requested instructions, which are signed neither by the party nor by his counsel.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 649; Dec. Dig. ☞259(2).]

3. APPEAL AND ERROR ☞499(3) — SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

Bills of exceptions to the exclusion of evidence, which fail to state the objection urged to the evidence, present no question for review as to the trial court's action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2297; Dec. Dig. ☞499(3).]

Appeal from Scurry County Court; C. R. Buchanan, Judge.

Action by W. H. Patterson against the First National Bank of Snyder. Judgment for plaintiff, and defendant appeals. Affirmed.

Higgins & Hamilton, of Snyder, for appellant. Perkins & Perkins, of Snyder, for appellee.

HIGGINS, J. Patterson brought this suit against appellant to recover the sum of $233.40, on account of the alleged conversion of a check dated July 5, 1913, in the principal sum of $233.40, drawn by the Missouri State Life Insurance Company upon the National Bank of Commerce of St. Louis, payable to the order of A. M. Avant, Ida A. Avant, and appellant. Patterson was the state agent of the Missouri State Life Insurance Company, with office and headquarters in Dallas. A. J. McDowell was a subagent of the insurance company, doing business in Scurry county and counties adjacent thereto. He was engaged in writing insurance and making loans for the insurance company as Patterson's subagent.

It is contended by appellant that Patterson and McDowell were partners in that business, and for the purposes of this opinion it will be assumed that they were. McDowell had written a policy of insurance upon the life of A. M. Avant, and had negotiated a loan to him and his wife, Ida A. Avant. The amount of the check mentioned represented the commission due by the insurance company to Patterson and McDowell for writing the policy and negotiating the loan, plus a rebate of $30.35, which was due the Avants by Patterson and McDowell. On July 5, 1913, the insurance company sent the check mentioned to appellant at Snyder, Tex., with instructions to have the payees therein indorse the same to the order of W. H. Patterson and A. J. McDowell, and after the same had been so indorsed to forward the check to Patterson at Dallas. The appellant was named as one of the payees in the check for safety in transmission through the mails. Upon receipt of the check by appellant, the Avants indorsed the same to the order of W. H. Patterson and

A. J. McDowell. McDowell then signed his own name and Patterson's name upon the back of the check, and the bank paid the check to McDowell. Such indorsement of Patterson's name was made with the knowledge of the bank's cashier. McDowell paid to the Avants that portion of the check representing the rebate due them. At that time McDowell was indebted to Patterson in the sum of $225.03, which has never been paid. Prior to July 5, 1913, McDowell had authorized Patterson to retain any money passing through the office and credit his indebtedness therewith. The insurance company gave the instructions mentioned to the bank at Patterson's request, and same were given for his benefit. Patterson, or some one in his office at Dallas, had also instructed the bank to forward the check to him at Dallas after its indorsement. This instruction was given for. the purpose of enabling the general agent to get a record of the business and to prevent McDowell from getting the proceeds of the check or any part thereof. McDowell and Patterson were sharing the profits and dividing losses in the insurance and loan business in Scurry and other counties. Prior to the cashing of the check, McDowell had been receiving insurance premium checks payable to himself and Patterson, and had been cashing these checks at appellant's bank, and sending Patterson his portion of the proceeds. McDowell's share of the check in controversy was $65.99. Prior to the time it was cashed McDowell had agreed with Patterson that Patterson should have the interest of McDowell in the commission upon the Avant policy and loan.

This appeal is prosecuted by the bank from a judgment in favor of Patterson for $203.05, which was the amount of the check less that portion belonging to the Avants. We will not undertake to discuss in detail all of the assignments presented, but for the most part will confine ourselves to a statement of the legal principles controlling the rights of the parties; a detailed disposition of assignments being made only where deemed proper or necessary.

[1] As to the merits of the case, we think there is no doubt that the bank is liable to Patterson upon the facts detailed. The bank seems to rely upon the proposition that it should be protected in the payment of the check to McDowell, because Patterson and McDowell were partners in the insurance and loan business, and this check represented funds earned in the partnership capacity and belonging to them as partners, and by reason of dealing between the parties whereby the bank had paid to McDowell checks covering like funds; he accounting to his partner. Of course, it is true that the drawer of a check in favor of a firm is authorized to pay it to either member of the firm when properly indorsed. But we think it is equally clear that the drawee of a check payable to A. and B. jointly would have no authority to pay the proceeds of that check to B. simply because A. and B. were partners and the check represented funds earned by the partnership, when the fact was that B. had agreed with A. that A. should have B.'s interest in that particular check, and the drawer of the check and A. had both given the drawee instructions which precluded the idea that B. had the right to receive payment of the check. When appellant received and accepted the check, it impliedly accepted the instructions which it had received from the drawer and Patterson to forward it to Patterson at Dallas after it had been indorsed. If it saw fit to violate this instruction, it did so at its own risk, and, the facts disclosing that Patterson was entitled to receive the entire amount of the check, it became liable to him for the unauthorized delivery and payment to McDowell.

[2] A number of assignments complain of the refusal of requested instructions. The instructions were not signed by appellant or its counsel, for which reason the court did not err in refusing same. Smith v. Fordyce (Sup.) 18 S. W. 663; Ry. Co. v. Mitchell, 26 S. W. 155; Redus v. Burnett, 59 Tex. 576.

The error, if any, in the admission of the testimony complained of in the fourth assignment, does not present reversible error. Rule 62a (149 S. W. x).

We are not clear that the remarks of counsel for appellee complained of in the fifth and sixth assignments were altogether improper. In any event, they are not regarded as presenting reversible error, especially in view of the court's instruction whereby a portion of the remarks were eliminated from consideration.

[3] Assignments 13, 15, and 17, complain of the exclusion of certain evidence. The bills of exception taken to its exclusion fail to state the objection urged to the evidence, for which reason the action of the trial court cannot be reviewed. Railway Co. v. Jarrell, 86 S. W. 632; Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781; Bank v. Smith, 160 S. W. 311; Railway Co. v. Holzer, 127 S. W. 1062.

The sixteenth assignment complains of the admission of testimony. In part the evidence was admissible, and as to that part which was incompetent its admission was harmless error.

All the other assignments presented by appellant have been examined and considered. They are regarded as without merit and are overruled.

Affirmed.