## MERCEDES PRODUCE CO. v. RODDY.*
### (No. 6890.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

**1. Corporations ☞370(1)—Powers determined by charter, but corporation not required to exercise all powers conferred so as to legalize exercise of one power.**

The powers of a corporation must be determined by its charter, and while it may exercise every power provided in its charter, expressly or impliedly, it is not required to exercise all powers granted in order to legalize exercise of any particular one or more of such powers.

**2. Corporations ☞372—Corporation chartered as warehouse and elevator company may buy and sell produce, though not engaged in warehouse or elevator business.**

A corporation chartered under Rev. St. art. 1121, subd. 28, as a warehouse and elevator company may engage in buying and selling produce as a part of the activities permitted thereunder, and the fact it has not actually acquired or is not operating elevators or warehouses does not lessen its authority to exercise such powers expressly given in its charter.

**3. Appeal and error ☞690(4)—Statement as to admission of evidence held not sufficient as basis for assignment of error.**

A statement in the bill of exceptions that one O. testified "regarding to number of acres plaintiff had in spinach, beets, and carrots" is not sufficient as a basis for an assignment of error to the admission of testimony, since it does not state what the objectionable testimony was.

**4. Evidence ☞490—Witness knowing by his own observation approximate distance qualified to testify to acreage, though he made no measurement.**

Objection to testimony regarding the number of acres planted in certain vegetables, for the reason that it showed the witness did not make "the measurements, but by his own observation he knew approximately the distance involved," held not tenable, since, if witness knew the distance involved, he could testify to that fact, even though he did not make the measurements.

**5. Appeal and error ☞232(2) — Appellate court will consider admissibility of evidence only against particular objection urged to it.**

In testing the soundness of an assignment of error as to the admission or exclusion of testimony, the question to be decided by an appellate court is not whether the evidence is generally admissible, but whether it is admissible as against the particular objections urged to it.

**6. Appeal and error ☞499(3) — Objection to exclusion of testimony not stating nature of objection sustained held not reviewable.**

District court rule 58 contains a mandatory provision that objections to exclusion or admission of evidence shall be set forth in the bill of exceptions, and hence an assignment of error to the exclusion of testimony will not be reviewed when it does not show the nature of the objection sustained.

**7. Appeal and error ☞1002—Verdict on conflicting evidence not disturbed.**

Where, in an action for the contract price of undelivered crops, testimony of the plaintiff was contradictory with reference to cost of marketing and delivering his crops, held, the issues raised thereby were of 'fact for the jury, whose findings the appellate court cannot disturb.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused May 9, 1923.

**8. Appeal and error ⬦⟿301, 719(9)—Failure to deduct admitted credit from verdict and judgment held fundamental error, correctible, though not complained of in motion for new trial or by assignment of error.**

Where the plaintiff in an action to recover contract price of undelivered crops alleged that out of the portion of the crops rejected by defendant plaintiff sold a portion and collected $207.30, but the verdict and judgment did not provide for such deduction, *held* that such error was of a fundamental nature, though not complained of in motion for new trial or by assignment of error.

**9. Costs ⬦⟿238(2)—Appellate court will correct fundamental error, but, if question not raised below, appellant will be taxed with costs.**

The appellate court will correct a fundamental error not made the basis of any error assigned, in the absence of a challenge by appellee to appellant's proposition, but, if the question is not raised below, costs will be adjudged against appellant.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by H. H. Roddy against the Mercedes Produce Company. Judgment for plaintiff, and defendant appeals. Judgment reformed, and, as reformed, affirmed.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.

McDaniel & Bounds, of McAllen, Flowers, Cameron & Moffett, of Mercedes, and D. W. Glasscock, of McAllen, for appellee.

SMITH, J. It is alleged that in July, 1920, the parties entered into a contract by which appellee agreed to deliver to appellant all the spinach, beets, and carrots grown by him on his farm during the ensuing winter, at an agreed price; that in pursuance of this contract appellee delivered and appellant accepted and paid the agreed prices for substantial portions of the crops specified, but refused to accept or pay for a large part of the crops grown by appellee and tendered under the contract. Roddy sued to recover the contract price of the undelivered crops, and from an adverse judgment the produce company has appealed.

The produce company was chartered under the provisions of article 1121, R. S., the general incorporation statute, for the purposes provided for in subdivision 28 of that article. The whole of that subdivision is set out as the purpose clause of the charter, as follows:

"The construction or purchase and maintenance of mills, gins, cotton compresses, grain elevators, wharves, and public warehouses for the storage of products and commodities, and the purchase, sale and storage of products and commodities by grain elevator and public warehouse companies, and the loan of money by such elevator or public warehouse companies."

The record discloses that appellant is engaged solely in the purchase, shipment, and sale of produce, and in operating an ice plant, or "precooling plant," as a necessary incident to its produce business. It is actually engaged in neither of the other businesses provided for in the statute or its charter. It takes the position here, as it did in the court below, that under the statute and under its charter it has no authority to engage in the produce business except as an incident to the grain elevator or warehouse business, and that, as it is engaged in neither the warehouse nor the elevator business, it is without authority to engage in the produce business, and therefore this contract to purchase appellee's produce was ultra vires and unenforceable. Appellant based its defense chiefly upon this contention, and the question presented is made the paramount issue in the appeal. The issue occurs to us to be quite simple, however, and the contention without merit.

[1] The powers of a corporation must be determined by its charter, and, while it must confine its activities to those expressly or impliedly provided for it in its charter, yet, so long as they are otherwise lawful, it may fully exercise each and every power so provided for. It is not required to exercise all the powers granted in order to legalize the exercise of any particular one or more of such powers.

[2] Here the corporation was chartered as a warehouse and elevator company, among other purposes, and hence it follows as a matter of course that it may engage in all the activities allowed such companies under the provisions of the charter. Buying and selling produce was one of these activities expressly permitted. The fact that it has not actually acquired, and is not actually operating, elevators or warehouses, does not lessen its authority to exercise the powers expressly given it in its charter as an elevator company or warehouse company. The question of the validity of appellant's charter, or of whether or not under the law it could incorporate for all the various purposes embraced therein, is not before us. The only question is whether or not a corporation lawfully chartered as a warehouse and elevator company may lawfully engage in buying and selling produce, when expressly authorized by such charter to do so. The mere statement of the question carries with it an affirmative answer. Appellant's first proposition, and the assignments of error on which it is based, are overruled.

[3] In its second proposition appellant complains of the admission of the testimony of appellee's witness, one Olson, "regarding the number of acres the plaintiff had in spinach, beets, and carrots." This statement of the excluded testimony is found in appel-

---

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant's bill of exceptions covering the transaction, to which alone we may look for the testimony excluded, or the objections urged to it. From this statement it is impossible to determine what the objectionable testimony was. The fact that he was testifying "regarding" the number of acres planted is not sufficient to disclose what that testimony was, or whether or not it was really subject to objection. The statement is insufficient as a basis for an assignment of error.

[4] According to the bill of exception this testimony, whatever it was, was objected to only "for the reason that the witness' testimony showed that he did not himself make the measurements, but by his own observation he knew approximately the distance involved." It occurs to us that whatever teeth were put in the objection by the first clause were effectually extracted by the second, since, if by "his own observation" the witness "knew approximately the distance involved," he could testify to the fact, even though he "did not himself make the measurements." The second proposition will be overruled.

[5, 6] In its eighth assignment of error appellant complains of the exclusion of certain evidence offered by it. The bill of exceptions covering this transaction sets out the testimony excluded, and recites the fact of its exclusion, but does not show the nature of the objections made to the testimony, and which were sustained, and upon which the testimony was excluded. In testing the soundness of an assignment of this nature, in which complaint is made of the admission or exclusion of testimony, the question to be decided by an appellate court is not whether the evidence is generally admissible, but whether it is admissible as against the particular objections urged to it. For this reason the rules (district court rule 58) contain a mandatory provision that such objections shall be set forth in the bill of exceptions to the court's exclusion or admission of evidence. This was not done here, the bill of exception cannot be considered, and there is nothing before the court for review with reference to this assignment, which is overruled.

[7] Appellant in its fourth proposition of law asserts that under the evidence the verdict of the jury was excessive, in support of which it is contended that appellee's own testimony is contradictory with reference to the cost of marketing and delivering his crops. We think, however, that, even though appellee's testimony was inconsistent in some particulars, the issues raised thereby were of fact for the jury, whose findings thereon we are without authority to disturb. The fourth proposition, and the assignments on which it is based, are overruled.

[8, 9] Appellee, in his trial petition, alleged that, out of the portion of the crop rejected by appellant, he sold certain produce to others, and collected $207.30 therefor, which was then deducted from the amount sued for. The verdict and judgment, however, did not provide for this deduction, and, although the question was not raised in the motion for new trial, or made the basis of any error assigned, appellant seeks to do so by way of fundamental error in its brief. We think the error is of a fundamental nature, and, as appellee does not challenge appellant's assignment or proposition, or the statement thereunder, it is within the province of this court, and is its duty, to render the proper judgment. The judgment rendered below was for the sum of $5,629.80, with interest, and that judgment will be reformed so to include the allowance of the credit of $207.30 thereon, leaving a balance of $5,422.50, with interest at the rate of 6 per cent. per annum from the date of the judgment, and as so reformed will be affirmed. As this question was not raised in the court below, however, the costs will be adjudged against appellant.

Reformed and affirmed.