## MERCEDES PRODUCE CO. v. DUNCAN.
### (No. 6888.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

**1. Appeal and error ⊂⊃757(1) — Proposition held not reviewable for lack of sufficient information in brief.**

The objection that the judgment in an action for the contract price of undelivered crops refused by defendant is erroneous in that plaintiff was allowed to recover the full contract price without deducting probable cost of delivery will not be considered on appeal where defendant's brief does not set out plaintiff's pleadings or any evidence to enable the appellate court to dispose of the proposition.

**2. Appeal and error ⊂⊃1070(2) — Conflicting findings on immaterial special issues not ground for reversal.**

A cause will not be reversed because the jury made conflicting findings on special issues where the issues were not material to the case.

Appeal from Hidalgo County Court; Geo. P. Brown, Judge.

Action by W. C. Duncan against the Mercedes Produce Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.
Gause & Kirkpatrick, of Mercedes, for appellee.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SMITH, J. In October, 1920, the parties to this suit entered into a written contract by which Duncan agreed to grow and deliver to the produce company at its place of business in Mercedes 2½ acres each of beets and carrots, and 5 acres of spinach, for which the company agreed to pay Duncan 60 cents per bushel for the beets and carrots and $60 per ton for spinach. The latter produced the products as provided for, but the produce company refused to take the crops, and Duncan brought this suit and recovered the value of the crops at the price stipulated. The defendant contested the suit upon the grounds: First, that under its charter it had no power to make the contract sued on, which was therefore void and unenforceable; and, second, that the matters in dispute had been settled between the parties.

Appellant contends that under its charter powers it had no authority to engage in buying produce, and that the contract sued on was ultra vires of its corporate power, and unenforceable. This contention is overruled, for the reasons given in the opinion in the case of Mercedes Produce Co. v. H. H. Roddy (No. 6890) 249 S. W. 249, this day rendered by this court. Appellant's first proposition, and the assignments on which it is based, are therefore overruled.

[1] In its second proposition appellant asserts that the true measure of appellee's damages was the contract price of his produce, less the expense of delivering the same to appellant's place of business, and that the judgment is erroneous in that appellee was allowed to recover the full contract price without deducting the probable cost of delivery. Neither the whole of appellee's pleadings nor any evidence adduced thereunder is set out in appellant's brief upon the question raised. No effort is made in the brief to show that the pleadings or evidence showed or failed to show that appellee's premises were adjacent or far removed from appellant's place of business, or that the delivery of the produce after harvesting it would or would not have entailed any additional expense to appellee. Because of this we are not supplied with any information by which an intelligent disposition can be made of appellant's proposition of law, which, in the abstract, appears to correctly state the general rule. The second proposition must, for the reason given, be disregarded.

[2] In answer to the fourth special issue submitted to them the jury found that there was not "an adequate supply of suitable cars for shipping spinach available to" the produce company at the time appellee offered delivery of that product, and in answer to the fifth special issue the jury further found that this inadequacy of the car supply did not render the produce company unable to handle all the produce tendered it by appellee. Appellant contends that these issues were material to the case, that the jury's findings thereon conflicted each with the other, and that on this account the judgment should be reversed. The questions involved in this transaction, however, are not shown to be material. There is no contention here that the produce company refused to take appellee's produce or any part of it because of any lack of cars in which to move it, and, in the absence of any such contention, the issue had no place in the case. This conclusion requires the overruling of appellant's third proposition of law and the assignments on which it is based.

The judgment is affirmed.