### DENNIS v. WOLFE et al.　(No. 11.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Concurring Opinion Nov. 4, 1925.)

**Appeal and error ⬤⟿499(3)—Ruling excluding evidence will not be disturbed, in absence of showing in bill of exceptions of grounds of exclusion and purpose for which offered.**

Where bill of exceptions did not show upon what grounds an oil and gas mining lease was excluded nor for what purpose it was offered, ruling of trial court excluding it will not be disturbed, in view of district court rule 58.

Appeal from District Court, Shackelford County; W. R. Ely, Judge.

Suit by J. S. Dennis against W. A. Wolfe and others. From the judgment, plaintiff appeals. Affirmed.

Giles Harris, of Moran, and M. S. Long, of Abilene, for appellant.

D. T. Boles, of Breckenridge, for appellees.

RIDGELL, J. This suit was brought by appellant in the district court of Shackelford county, against W. A. Wolfe, E. M. Powell, and G. L. Powell. The appellant filed an amended petition alleging that on the 10th day of November, A. D. 1923, the defendant Wolfe, acting by and through his attorney in fact, E. M. Powell, executed and delivered to the plaintiff, J. S. Dennis, and Steve Drake an assignment of an oil and gas mining lease, covering 40 acres of land more or less.

Plaintiff further alleged that G. L. Powell was the agent of E. M. Powell in the sale of said lease to the plaintiff, and that it was agreed and understood that all of the personal property situated on said lease at the time of the sale of the same to Dennis and Drake was a part of the lease, and was conveyed and sold and delivered to them; that at the time of said sale there was on said lease one model C Spudder drilling machine, oil well tools, and drilling equipment, of the value of $750; that after the sale defendant G. L. Powell entered upon said lease and took charge of said drilling machine and converted the same to his own use and benefit, and plaintiff prayed judgment for $750; that plaintiff purchased interest of Drake.

The defendants answered by general demurrer, special exceptions, and general denial, and further that the drilling machine and tools were not property of W. A. Wolfe, but belonged to the Powell Drilling Company. The cause was tried before a jury, and, from the answer of the jury to the special issues, the learned trial court rendered judgment in favor of appellant and from which judgment appellee, who was plaintiff below, appeals to this court.

### Opinion.

This appeal is based upon two assignments of error: First, because the verdict of the jury and the judgment of the court is contrary to evidence. We overruled said assignment because there is sufficient evidence to sustain the verdict of the jury in answering special issue No. 1, that defendant did not sell the drilling machine to appellant. The second assignment complains of the action of the court in refusing to admit in evidence the assignment of oil and gas lease executed by E. M. Powell, attorney in fact for W. A. Wolfe to plaintiff, covering 40 acres of land, being the same land upon which the tools in question were located at the time of the sale. It is sufficient to say that, if the action of the court was error, it was harmless for the reason that Mrs. G. L. Powell, one of the defendants, testified that she was acting as attorney in fact for W. A. Wolfe at the time she made the assignment to J. S. Dennis and Steve Drake. On cross-examination by appellant, she testified as follows:

"At the time I signed the assignment I knew it contained the following provision: 'Now, therefore, for and in consideration of one dollar (and other good and valuable considerations), the receipt of which is hereby acknowledged, the undersigned, the present owner of the said lease and all rights thereunder or incident thereto, does hereby bargain, sell, transfer, assign, and convey all rights, title, and interest of the original lessee and present owner in and to said lease and rights thereunder, in so far as it covers the entire lease above described, with all wells thereon, and together with all personal property used or obtained in

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

connection therewith to J. S. Dennis.' I knew that was in there at the time I signed it. At the same time I knew that it contained this covenant: 'And for the same consideration, the undersigned for himself and for his heirs, successors, and representatives, does covenant with the said assignee, their heirs, successors, or assigns, that he, the said W. A. Wolfe, is the lawful owner of the said lease and rights and interests thereunder and of the personal property thereon or used in connection therewith.'"

The testimony of Mrs. Powell, one of the defendants, as to the contents of the lease, is undisputed, and to have admitted the instrument would but have been only to corroborate the admission of the defendant, and any error in excluding the instrument would clearly appear harmless.

This contention is further supported by the fact that nowhere in the entire record is there any testimony that Dennis understood that this property belonged to Wolfe, but, on the contrary, the record is silent as to whether or not he believed or was led to believe that the personal property in question belonged to the assignor in the lease; it would therefore follow from the record, and reasonable conclusion would be, that the admission of the lease in evidence would not have in anywise changed the result.

There is this further controlling reason, however, which requires an affirmance of this case. "Rule 58 for district courts provides exceptions to the admission of evidence, where the grounds of objection is assigned, shall be considered in reference to the objection made to it, and the objection shall be stated in the bills of exceptions taken to its admission or exclusion." In construing said rule, our courts have universally held that a ruling of the trial court in excluding evidence will not be disturbed where the bill of exceptions fails to show the ground on which the evidence was excluded. Rader v. Ry. Co. (Tex. Civ. App.) 137 S. W. 718.

Our Supreme Court, in an opinion by Judge William E. Hawkins, Associate Justice, in applying the above rule, stated that the bill under consideration "does not show for what purpose said testimony was offered, nor the grounds of the objection made to it, nor the grounds upon which the trial court excluded it, and said assignment will not be further considered." Progressive Lumber Co. v. Marshall & E. T. Ry. Co., 106 Tex. 12, 155 S. W. 175.

The bill of exception in this case, upon which error was based, fails to meet the requirements of said rule, in that it is not shown the grounds on which the lease was excluded, nor for what purpose said testimony was offered. It is necessary, for a fair understanding of a complaint upon the admission or exclusion of evidence, that this rule be strictly adhered to, and, in applying

same to this case, we are following the unbroken line of decisions in this state.

It therefore follows that said bill of exception under the rules cannot be considered, and further discussion is not required in the disposition of this case, and the judgment is therefore affirmed.

PANNILL, C. J., and LITTLER, J. (concurring). At a former term the judgment in this case was affirmed. The majority intended at the time the opinion was filed to state the reasons for concurring in the affirmance, but, on account of press of business, it was not done. We do not agree to that part of the opinion which holds that the reading of a written instrument to a witness, and having the witness identify the same, would render harmless the act of the court in excluding the written instrument when offered in evidence, if the action of the court was error and the written instrument admissible. We do not think that statement in the opinion is material to the disposition of the appeal. We agree to the affirmance on the ground, as stated in the opinion, that the bill of exceptions did not raise any question for review in this court, and upon that ground only.