## MILK PRODUCTS CO. v. JOHNSON.
### (No. 9946.)

Court of Civil Appeals of Texas. Dallas. May 7, 1927.

Rehearing Denied June 4, 1927.

1. **Appeal and error ⬦⟶499(3), 692(1)—Bill of exception complaining of exclusion of testimony held insufficient, where not stating objection or testimony excluded.**

Bill of exception ·which complained of the sustaining of an objection to an offer of testimony as to the actual terms of contract in suit *held* fatally defective, where it failed to state the objection upon which the court acted or what the testimony would have been.

2. **Evidence ⬦⟶16—Meaning of terms "unit" and "9¾," in contract for sale of milk, held not judicially known.**

Under contract of sale of 50 barrels of condensed milk at a "price per unit" of "9¾," meaning of the quoted terms was not a matter of judicial knowledge.

3. **Sales ⬦⟶383—Evidence held insufficient as basis for awarding damages to seller for breach of contract.**

In seller's action for breach of contract to ·purchase milk, evidence *held* insufficient as proper basis for allowance of damages to plaintiff.

Appeal from Dallas· County Court at Law; Payne L. Bush, Judge.

Suit for breach of contract by E. A. Johnson against the ·Milk Products Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Morris & Barnes, of Beaumont, for appellant.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

JONES, C. J. This is a suit for damages for alleged breach of contract in the sale by E. A. Johnson, appellee, to Milk Products Company, appellant, of 50 barrels of condensed milk. Appellee recovered judgment in the sum of $756.88, with interest, and appellant has duly perfected its appeal. It appears from appellee's pleading that a written contract of purchase of 50 barrels of milk was entered into between the parties, and that the amount of milk called for in the contract was duly shipped to appellant at Beaumont, Tex., where appellant was engaged in business; that appellant accepted only 30 barrels of the shipment and failed and refused to accept the remaining 20 barrels; that said 20 barrels, after due notice to appellant and to the trade, were sold for the highest obtainable price, which was 3 cents per pound; and that appellee was damaged in the amount of the difference between this price and the contract price.

It was contended by appellant in his answer that the contract of purchase was for only the 30 barrels accepted; that as a favor to appellee, and for his sole benefit, appellant was induced by appellee's duly authorized agent to insert in the contract 50 barrels and thereby make the shipment from Dallas to Beaumont a carload, and that appellee would take the remaining 20 barrels and deliver them to customers he had in Beaumont.

[1] There are two questions raised by the assignments of error necessary to be considered in the disposition of this case. When appellant offered proof of its allegations in reference to what it contended was the actual contract, the court sustained appellee's objection, presumably on the ground that the evidence varied the written contract. Appellant's bill of exception, which forms the only basis for the assignment of error on this question, is fatally defective, in that it fails to state the ground of the objection on which the court acted, and fails to state the evidence sought to be elicited from the witness by whom appellant attempted to establish this defense. This court is not informed by the bill of exception whether appellant's witness would have testified to the defense alleged or not, nor is it informed of the character of objection made upon which the court ruled. We therefore cannot consider this assignment of error. Skeeters v. Hodges (Tex. Civ. App.) 270 S. W. 907; Home Circle Society No. 2 v. Shelton (Tex. Civ. App.) 85 S W. 322; Fox v. H. & T. C. Ry. Co. (Tex. Civ. App.) 186 S. W. 852; Hargrove v. Fort Worth Elevators Co. (Tex. Civ. App.) 262 S. W. 868; Horn v. Price (Tex. Civ. App.) 200 S. W. 590.

[2] The other assignment of error raises the question as to the failure of appellee to make out a prima facie case and thereby give a basis for a valid judgment. We think this assignment of error must be sustained.

Only one question was submitted to the jury and that question is, "What was the market value of the said 20 barrels of milk at the time same was sold?" To which the jury answered, "$336.39." While the issue

as to market value was controverted, yet this verdict of the jury finds ample support in the evidence and warranted the court in adopting it as a basis for determining appellee's damages.

The other necessary fact to determine the amount of damages is the contract price of the 20 barrels of milk. We do not believe the evidence is sufficient to establish this fact, and without its establishment there is no prima facie case. The only proof of this price is the specification in the contract, which is as follows:

| Quantity. | Commodity. | Price per Unit. |
|---|---|---|
| 50. | Barrels S. C. Milk. | 9¾. |

F. o. b. Beaumont Stg.

"Terms and Conditions.

"Terms of payment: ———.

"Time of shipment: To be delivered by October 1."

[3] The terms used in the contract in stating the contract price may have been thoroughly understood by the trade, but of this fact the court could not take judicial knowledge. The significance of the terms "'unit" and "9¾" should have been given by competent evidence. Without this evidence, the court did not have the proper basis for determining the damages allowed. We are therefore of the opinion that this case should be reversed and remanded.

Reversed and remanded.