**NORWICH UNION INDEMNITY CO. v. ROLLINS. (No. 9194.)**

Court of Civil Appeals of Texas. Galveston. June 13, 1928.

Rehearing Denied July 12, 1928.

1. Appeal and error ⊜499(3)—Bills of exception to exclusion of evidence merely reciting exclusion on objection could not be reviewed by appellate court (District Court Rule 58).

Bills of exception to exclusion of evidence merely reciting that testimony was excluded on plaintiff's objection, without stating grounds of such objection, *held* defective under District Court Rule 58, and could not be considered by appellate court.

2. Master and servant ⊜404—Decree setting aside compensation award rendered award functus officio and incompetent as evidence in subsequent suit (Workmen's Compensation Act, pt. 2, § 8).

Decree of district court setting aside, on resort to courts, and holding of no further force or effect, a compensation award of In-

dustrial Accident Board, rendered such award functus officio, and certified copies thereof were not thereafter competent as evidence in subsequent suit under Workmen's Compensation Act, pt. 2, § 8 (Rev. St. 1925, art. 8307, § 8).

**3. Master and servant �⌐404—Certified copy of doctor's affidavit in compensation proceeding held inadmissible in claimant's subsequent action; "order, award, or proceeding of said board" (Workmen's Compensation Act, pt. 2, § 8).**

Certified copy made by Industrial Accident Board of doctor's affidavit in compensation proceeding before board *held* not admissible in subsequent suit by claimant as "order, award, or proceeding of said board" within Workmen's Compensation Act, pt. 2, § 8 (Rev. St. 1925, art. 8307, § 8).

**4. Appeal and error ⊕⌐1001(1)—Jury's answers to interrogatories, not lacking supporting evidence, cannot be disturbed on appeal.**

Jury's answers to issues submitted, not shown by statement of facts to lack supporting evidence, cannot be disturbed by appellate court.

**5. Master and servant ⊕⌐405(4)—Evidence held to sustain finding that plaintiff was totally and permanently incapacitated by injury sustained in course of employment.**

Evidence *held* to sustain finding of jury that plaintiff was totally and permanently incapacitated as result of injuries received in the course of his employment.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by F. A. Rollins against the Norwich Union Indemnity Company on an appeal by plaintiff from an award of the State Industrial Accident Board. Judgment for plaintiff, and defendant appeals. Affirmed.

Hunt, Moseley & Hunt and C. A. Teagle, all of Houston, for appellant.

H. J. Nichols and Pritchett Harvey, both of Houston, for appellee.

GRAVES, J. Conceded to be substantially correct, this general statement of the cause is taken from appellant's brief:

"This was an action brought by F. A. Rollins, appellee, on an appeal by him from an award of the State Industrial Accident Board. Plaintiff claimed that he was totally and permanently incapacitated by reason of injuries received in the course of his employment while employed by the Houston Cotton & Twine Mills in Harris county, Tex. It was admitted that the employer was carrying compensation insurance with appellant and that appellee filed his claim in time, gave proper notices of appeal, filed his suit in time, and that all parties were properly before the district court.

"The defendant below filed its cross-action and pleaded that it had paid to the plaintiff $207.60 for 20 weeks' compensation. The defendant also pleaded that said Rollins was not injured in the course of his employment, and

that, if he was, he had fully recovered, and that he was suffering from prior injury or prior disease.

"This cause went to trial before a jury on October 25, 1927, and the verdict was returned on special issues finding that plaintiff was injured in the course of his employment, that his condition was not the result of prior injuries or disease, that he was totally incapacitated, and finding for a lump sum settlement."

Appellant's first two propositions and assignments undertake to complain of the exclusion as evidence of two papers: (1) A certified copy made by the Industrial Accident Board of an affidavit made August 20, 1920, by Dr. W. C. Bosley; (2) an award of the State Industrial Accident Board dated August 25, 1920, on these respective bills of exception: (1) "On objection of the plaintiff's counsel the said medical report was excluded and objection sustained." (2) "On objection made by the plaintiff the said award was excluded from the testimony and plaintiff's objection sustained."

This court's consideration of these presentments is objected to by the appellee on the ground that the bills of exception upon which they rest are not in conformity with rule 58 for the district courts, in that they do not set forth the grounds of objections made to the proffered papers.

[1] The record fails to show what the particular objections were, or whether or not only a general one was made to the documents; hence, under well-settled decisions of our courts, the objection must be sustained and the propositions denied consideration. Rule 58 for the District Courts; Hagerty's Ex'rs v. Scott, 10 Tex. 534; Whitehead v. Foley, 28 Tex. 294; Johnson v. Crawl, 55 Tex. 571; International & G. N. Ry. Co. v. Jones (Tex. Civ. App.) 60 S. W. 978, writ of error denied; Progressive Lbr. Co. v. Marshall & E. T. Railway Co., 106 Tex. 12, 155 S. W. 178 (4); International & G. N. Ry. Co. v. Holzer (Tex. Civ. App.) 127 S. W. 1063, writ of error denied; Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781, writ of error denied; M. K. & T. Ry. Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 633, writ of error refused; Hall v. Ray (Tex. Civ. App.) 179 S. W. 1137; Mercedes Produce Co. v. Roddy (Tex. Civ. App.) 249 S. W. 251, writ of error refused; Carlton v. Conkrite (Tex. Civ. App.) 249 S. W. 523; First Nat. Bank v. Smith (Tex. Civ. App.) 160 S. W. 313, writ of error refused; First Nat. Bank v. Patterson (Tex. Civ. App.) 185 S. W. 1019; Milk Products Co. v. Johnson (Tex. Civ. App.) 295 S. W. 263; American Nat'l Ins. Co. v. McKellar (Tex. Civ. App.) 295 S. W. 630; Skeeters v. Hodges (Tex. Civ. App.) 270 S. W. 913; Mo. Pac. Ry. Co. v. Baldwin (Tex. Civ. App.) 261 S. W. 419.

It is true appellant's brief recites that each of these papers was excluded upon a general

---

⊕⌐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

objection, but, as indicated, the record does not substantiate the statement, the quoted language of the separate bills of exception being all that appears; upon this feature, therefore, the case on its facts falls squarely within the rule applied in the cited authorities.

[2, 3] Furthermore, it does not follow that these papers would have been admissible, had the bills of exception so shown the particular character of the objections made to them, because, before either of them were proffered, appellant itself introduced in evidence in this cause a duly certified copy of a decree of the district court of Liberty county of February 7, 1921, setting aside, on resort to the courts, and holding of no further force or effect, the award of the accident board referred to—that made in Rollins' Case on August 25, 1920. It had in consequence become functus officio, and certified copies even of "orders, awards, or proceedings" of the board concerning it were therefore, if they ever had been receivable in proof of the facts therein recited (Texas Emp. Insurance Ass'n v. Downing [Tex. Civ. App.] 218 S. W. 112 [12]; Millers' Indemnity Underwriters v. Hughes [Tex. Civ. App.] 256 S. W. 334; Texas Emp. Insurance Ass'n v. Nunamaker [Tex. Civ. App.] 267 S. W. 749; Georgia Casualty Co. v. Darnell [Tex. Civ. App.] 243 S. W. 579), not thereafter competent as evidence in this long subsequent suit; neither does the copy of the doctor's affidavit seem to us to be that of any such "order, award or proceeding of said board" as is made admissible under section 8, pt. 2, of the Compensation Act (R. S. art. 8307, § 8).

The remaining three propositions, in slightly varying forms, assert that the jury's finding that appellee was totally and permanently incapacitated as a result of an injury received November 9, 1926, is so against the weight and preponderance of the evidence as to be clearly wrong. The argument earnestly urged in this connection is that, the appellee having been uncontradictedly shown to have suffered a prior total and permanent incapacity to labor as a result of preceding injuries, for which he had been awarded full compensation for 400 weeks, and his present condition having been shown to have been of long standing, as well as the result either of a prior injury or disease, the contrary finding should be set aside.

After a careful examination of the statement of facts, we are unable to so agree. Upon these features, the court first instructed the jury that "in passing on the issues as to the plaintiff's incapacity, you will not consider the prior injuries sustained by him, but only the result, if any, of the injury, if any, sustained by him on November 9, 1926," and then propounded to them separate and direct inquiries, to this condensed purport: (1) Was he injured in the course of his employment with the Twine Mills on or about November 9, 1926? (2) Was his incapacity at the time of the trial the result of a disease or injury suffered by him prior to November 9, 1926? (3) Was he totally and permanently incapacitated as a result of injury received November 9, 1926, if any?

[4] These issues were all answered favorably to the plaintiff, and since a careful examination of the statement of facts fails in our opinion to show any lack of supporting evidence, the findings cannot be disturbed. Smith v. McDowell (Tex. Civ. App.) 240 S. W. 563.

[5] There was direct testimony to the fact and nature of the injury claimed to have occurred on the date referred to in the queries to the jury, of its long-continued and disabling effect, as well as of its difference in kind and location from an old one the appellee testified he had suffered years before, but from which he said he had fully recovered long before receiving this later one; there was such support from attending circumstances and the testimony of other witnesses, some of whom were physicians, as justified the jury in returning the verdict they did; for instance, there was a showing that he had done such heavy manual labor for such a length of time after the prior injury as in some of the medical opinion received could not have been, had he still been suffering either from the effects of a prior injury or a disease.

It is deemed unnecessary to further review the evidence.

The judgment has been affirmed.

Affirmed.