**James B. TURNER et al., Appellants,**

v.

**Edward L. KEENE, Appellee.**

**No. 16391.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 22, 1963.

Rehearing Denied April 19, 1963.

James B. Turner and Eugene Chambers, Houston, for appellants.

Sonfield & Sonfield, Robert L. Sonfield and Robert L. Sonfield, Jr., Houston, for appellee.

LANGDON, Justice.

This is a suit for attorney's fees initiated by the appellants James B. Turner and Eugene Chambers, licensed attorneys in Houston, Texas, against Edward L. Keene, the appellee herein, for professional services rendered in a case reported in Tex.Civ. App., 340 S.W.2d 859, styled Keene et al. v. Reed et al., hereinafter referred to as the Reed case, which sought to enforce covenants and deed restrictions.

The appellee denied under oath the claim of appellants.

The trial was to the court without a jury on March 21, 1962. It resulted in judgment for the defendant, appellee herein. Judgment was signed and entered on April 9, 1962.

No request was made for conclusions of fact and of law and none were filed.

By their only assignment of error the appellants contend that the judgment of the trial court is not supported by the evidence.

 The opinion of the Supreme Court of Texas in the case of Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114, is applicable to this case. Therein it was stated: "No findings of facts or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

Under the above holding if the judgment of the trial court can be sustained by considering only that evidence most favorable to it and disregarding entirely that which is opposed to it or contradictory in its nature, such judgment must be affirmed.

 We believe that the evidence supports the judgment.

The following statement of the facts represents a summary of the testimony of the appellants, the appellee and other witnesses who appeared in the trial court.

The appellant Chambers and the appellee Keene are resident owners of property in the Southcrest addition, a residential subdivision in Houston, Harris County, Texas. The lots in the addition are restricted to single family dwellings.

The resident owners in the addition had a club known as the Southcrest Civic Club and designated certain members to serve on the Restrictions Committee. This commit-

tee concluded that Herbert L. Reed and other property owners were in violation of the deed restrictions. This information was presented at a meeting of the civic club attended by the appellee and the appellant Chambers. The club voted to institute proceedings to enjoin the reported violations. A discussion was had as to an attorney to handle the litigation and the appellant Chambers suggested that it would not be necessary for the civic club to employ counsel because he being an attorney could and would file the necessary suits without fee, the club paying only the court costs and other incidental expenses involved. On this basis the appellant Chambers was authorized to file cases against Reed and others. Necessarily one or more of the property owners in the addition would have to be named as plaintiffs. The appellee Keene volunteered and he, J. N. Chancellor and the Southcrest Civic Club were accordingly made plaintiffs in the Reed case. Later on motion of the defendant in the Reed case the civic club was dismissed because it was not a property owner in the addition. All costs incident to the filing of the suit and in appealing from an adverse judgment of the trial court were paid by the civic club. The appellant Chambers filed several similar suits naming other property owners of the addition as plaintiffs. All of such suits were decided adversely to the plaintiffs and in each the civic club paid all of the expenses incident to the filing and trial of the cases.

During the period of the litigation the civic club paid a total of $1,417.50 to the appellant Chambers for costs and fees. None of such money was earmarked as a fee in any particular case.

The appellant Chambers testified that the whole matter of his employment originated with the civic club and he would never have filed suit if the civic club had not assured him of their permission to go ahead. That it was the Restrictions Committee with which he had his understanding and agreement about filing suit.

The appellant James B. Turner testified that he never did see Keene, the appellee, during the time the Reed case was being tried. That he did not know him and that he never talked to him on the phone or otherwise. "My only knowledge of him is through Mr. Chambers." He never had any conversation or discussion with the Restrictions Committee of the civic club and " * * * never talked with anyone in connection with that organization or anyone out there in the subdivision."

The appellee testified that he saw Mr. Chambers one time before the original suit was tried in the district court and "That was in his office by the law library about fifteen minutes before the case opened."

We are convinced that the trial court did not commit error in entering judgment against the appellants. There is ample evidence to support it. The judgment of the trial court is affirmed.