**L. C. JOHNSON, Appellant,**

v.

**R. O. COOPER and O. H. Lawler, Individually and as Co-Partners, d/b/a Reliable Roofing Company, Appellees.**

No. 16505.

Court of Civil Appeals of Texas.

Fort Worth.

May 15, 1964.

Jacobs & Lipscomb, and John Sieren, Fort Worth, for appellant.

Ernest May, Fort Worth, for appellees.

LANGDON, Justice.

This is a suit for damages for the alleged breach of a roofing contract brought by the prime contractor, L. C. Johnson, appellant, against R. O. Cooper and O. H. Lawler, individually and as co-partners, d/b/a Reliable Roofing Company, appellees herein. It appears from appellant's pleading that he accepted a bid submitted by appellees and was thereafter forced to have the work done by a firm whose bid was $2,272.50 in excess of appellees' bid because the latter refused to do the work. Appellant sought damages for this amount. Trial was to the court without a jury. A take nothing judgment was entered against appellant and judgment awarded appellees on their cross-action. There is no dispute as to the latter.

The appellant contends the court erred in concluding (1) that there was doubt as to acceptance by appellant of appellees' work purchase order; (2) that same was not enforceable as a written contract; (3) that there was no legal proof of any damages; and (4) that there was a difference between the two bids in that appellees' bid provided that appellant was to purchase and deliver insulation to the job at carload prices and

the other bid did not contain such requirement.

We affirm.

■ No findings of fact or conclusions of law were requested or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. Austin v. Cochran, Tex.Com. App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Turner v. Keene, Tex.Civ.App., 366 S.W.2d 864.

■ Thus if the judgment of the trial court can be sustained by considering only that evidence most favorable to it and disregarding entirely that which is opposed to it or contradictory in its nature, such judgment should be affirmed.

■ The appellees' pleading is not included in the record before this court. We must therefore presume that the appellees denied the alleged contract and that this contention was upheld by the trial court. " * * * in the absence of the pleadings it will be presumed in support of the judgment that they authorized the judgment appealed from." 3 Tex.Jur.2d 661, § 405.

■ As reflected by his pleadings the appellant sought damages in the sum of $2,272.50 representing the amount paid for roofing over and above the bid of the appellees which was alleged to be $5,877.50. It was incumbent upon appellant in order to make out a prima facie case to establish the existence of the two contracts in question and to establish the contract price of each to enable the court to determine the money difference, if any before any damages could be awarded under the plaintiff's pleading. This he failed to do.

The bid of Reliable Roofing Company states, "All workmanship and materials guaranteed highest quality for the sum of: Twenty-seven Dollars per sq." There were some penciled notations below the signature of the parties which are not explained by the record.

The other bid involved submitted by Burnett was in the sum of $7,500.00. It contained a notation below the signature for an additional $250.00 "if coating labor furnished".

The record also contained an invoice from Burnett in the amount of $8,150.00. The witness Hansen, agent for appellant was asked if the latter sum was the full amount paid to Burnett by appellant and he answered that he did not remember the exact amount paid but that it was approximately correct. It is presumed that the plaintiff's damage was based upon the difference between the $8,150.00 reflected by the Burnett invoice and the appellee's alleged bid of $5,877.50 as the difference between them is $2,272.50.

The difference between the Burnett bid of $7,500.00 and the invoice of $8,150.00 was not explained in the record nor was the $250.00 notation on the Burnett bid.

The two bids differed in many respects. The Reliable bid contained the phrase, "Customer (appellant) agrees to purchase insulation and deliver same to job site at carload prices." This phrase was omitted from the Burnett bid. The record reflects that appellant was unable to purchase and deliver the insulation as promised. It must be presumed that the court believed and found this to be a material condition of the appellees' bid.

Mr. Cooper of appellees testified in effect that no agreement was ever reached on the material and that his bid was to supply metal for patching and not around the edges of the roof nor did it include corrugated iron to cover places where ventilators were to be removed. He further testified that Hansen, acting for ap-

pellant in undertaking to accept appellees' bid, repudiated the agreement to purchase and deliver the insulation in question at carload prices, which he testified was a material condition of his bid.

The record is silent as to the difference in the cost of insulation in carload and less than carload lots delivered at job site.

The record contains a letter signed by the trial judge dated May 20, 1963, directed to the attorneys. It was filed with the district clerk along with other papers in the cause. It reads in part as follows:

"(1) The work purchase order executed by R. O. Cooper dated March 25, 1960, even if accepted by Don Hansen on behalf of plaintiff, is not enforceable as a contract because there is no way to determine from the written instrument what price was to be paid Cooper for his services. The written instrument merely says that 'All workmanship and materials guaranteed highest quality for the sum of Twenty-seven dollars per square Dollars'. The Court does not know, and there was no evidence to show whether this amount, $27.00 was per square foot or square yard. Nor is there any evidence that the total bid, if it was a bid, submitted by Cooper, amounted to $5877.50.

"(2) There was no legal proof as to the damage sustained by plaintiff, One of his witnesses testified merely that there was a difference between the Reliable Roofing bid and the Burnett Roofing bid of about $2700.00. There is no way the Court could enter a valid judgment for 'about $2700.00'. * * * (It will be noted in this connection that $2,272.50 was amount of damages plead.)

"(3) There was a difference also between the bid made by Reliable Roofing and the one made by Burnett Roofing, in that the Reliable Roofing bid provided that Johnson was to purchase insulation and deliver same to the job site at carload prices. This requirement was not in the Burnett Roofing bid. There was no evi-

dence of the monetary difference between Reliable furnishing the insulation and Johnson furnishing the insulation."

The appellant contends that the term "square" is one of common knowledge and that the court should have taken judicial notice of its meaning as same was easily ascertainable by reference to a dictionary.

In Milk Products Co. v. Johnson, Tex. Civ.App., 295 S.W. 263, it was held: "The terms used in the contract in stating the contract price may have been thoroughly understood by the trade, but of this fact the court could not take judicial knowledge. The significance of the terms 'unit' and '93/4' should have been given by competent evidence. Without this evidence, the court did not have the proper basis for determining the damages allowed."

In 31 C.J.S. Evidence § 9, p. 827, it is stated, "They do not take judicial notice of facts merely because they may be ascertained by reference to dictionaries, encyclopedias, or other publications, or of facts which the court cannot know without resort to expert testimony or other proof." The text continues on pages 828, 829, as follows: "notice will not be taken of that which is known, if at all, only by a specially informed class of persons. The test has been said to be: (1) Is the fact one of common, everyday knowledge in the jurisdiction, which every one of average intelligence and knowledge of things about him can be presumed to know? (2) Is it certain and indisputable? If any doubt exists as to whether a matter is a fact of general knowledge, it should be resolved in the negative."

The significance and the meaning of "Twenty-seven dollars per square", should have been given by competent evidence. The same applies to facts involving the number of squares, the difference in costs of insulation in carload lots and otherwise. The plaintiff failed to establish these and other matters above re-

ferred to by competent proof or by any proof.

From a review of the record as a whole considering the evidence most favorable and disregarding entirely that which is opposed or contradictory in its nature we are of the opinion that the judgment and the implied findings of fact incident thereto can and should be sustained. Accordingly all of appellant's points of error are overruled and the judgment of the trial court is affirmed.